449 So.2d 1096 (1984)
Robert W. FREEMAN
v.
Gerald MYLES, Obie Maryland, and State Farm Mutual Automobile Insurance Company.
No. CA 1442.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
Rehearing Denied May 25, 1984.
*1097 Michael A. Mulé, Lobman & Carnahan, Metairie, for defendants-appellants, Obie Maryland and State Farm Mut. Auto. Ins. Co.
Walter A. Robelot, II, Birdsall, Rodriguez, Robelot & Nelson, New Orleans, for plaintiff-appellee, Robert W. Freeman.
Before WARD, CIACCIO and LOBRANO, JJ.
WARD, Judge.
Robert W. Freeman brought this action in Civil District Court for the Parish of Orleans seeking to recover for damages to his automobile which was struck by a pickup truck driven by Gerald Myles. Freeman sued Myles and later amended his petition to add as defendants the owner of the truck, Obadiah Maryland, and his insurer, State Farm Mutual Automobile Insurance Company. Obadiah Maryland and State Farm in turn sued Myles for contribution or indemnity.
The Trial Judge rendered judgment from the bench in favor of Freeman and against Myles, Maryland, and State Farm for $1,400.00. Obadiah Maryland and State Farm have appealed that judgment.
The principal question before the trial court was whether Myles had permission to use the truck so as to qualify him as an omnibus insured under Obadiah Maryland's State Farm policy which provides:
Persons Insured. The following are insureds under Part 1:
(a) with respect to the owned automobile,
(1) the named insured and any resident of the same household,
(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission ...
Freeman alleges Myles had received permission to use the truck from Wilbur Ruth, an employee of Obadiah Maryland. The trial record shows that Ruth regularly used Maryland's truck with his permission, driving it home overnight and even keeping it on weekends so that he could pick up materials on his way to work in the morning. Ruth was using Maryland's truck on the night before the accident, when he and Myles went to a party and spent the night and early morning hours drinking. Ruth then drove the truck to his home with Myles as a passenger. When at Ruth's house, Myles and Ruth sat and talked in the living room until about five o'clock that morning. Then, while Ruth was in the bathroom, Myles took Ruth's keys from the coffee table and drove away in the truck. Upon hearing the truck drive away, Ruth rushed out and pursued Myles, first on foot, and then in a neighbor's borrowed automobile. Ruth found Myles and the truck several blocks awaybut too late. The truck was upside down in the street, Freeman's parked car was wrecked, and the police were already on the scene.
Myles was first arrested and charged with driving while intoxicated, reckless operation of a vehicle, and driving without a license. After Obadiah Maryland was called to the scene and after he told the police Myles did not have permission to use the truck, Myles was additionally charged with theft and possession of a stolen vehicle. Although these charges were later dropped, the fact that the charges were made will be shown to be important.
Meanwhile, Freeman, hearing the crash in the street, came out of his house and *1098 discovered his parked car had been hit on the rear and side. Later, appraisals of the vehicle, a 1972 Chevrolet, indicated damages of $1,423.02.
The record shows that Gerald Myles was served with the original petition which named him as the sole defendant, but apparently no further pleadings or subpoenas were served on him. He did not answer or otherwise respond to the lawsuit. Freeman did not enter a default against Myles, and Myles did not appear for trial.
Obadiah Maryland and State Farm made a motion for summary judgment, supported by the State Farm policy and an affidavit of Maryland stating that Myles did not have permission to drive Maryland's truck and that the truck had been stolen by Myles. Freeman countered with his affidavit and that of his wife stating they were told by Myles that he had permission to use the vehicle and that he was employed by Maryland at the time of the accident. The court apparently denied the summary judgment because the case went to trial against all three defendants on January 3, 1983, and judgment was rendered against all of them, even though Myles had not filed an answer.
In their appeal, Maryland and State Farm contend that the judgment is null because the case was set for trial before an answer was filed by Gerald Myles. They also argue the Trial Judge erred when he permitted Freeman and his wife to testify that Myles said he had permission to use the truck. The testimony is clearly hearsay; the only question is whether it falls within an exception to the rule that hearsay evidence is inadmissible.
We first consider the assertion that the Trial Judge erred in setting the case for trial before issue was joined as to all defendants. All parties to the appeal agree that the court and the parties inadvertently overlooked Myles' failure to respond. No mention of his absence appears in the record prior to the issue being raised on appeal.
La.C.Civ.P. art. 1571 provides:
The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(1) Require adequate notice of trial to all parties; and
(2) Prescribe the order of preference in accordance with law.
These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.
Appellants' focus is misdirected. They have no standing to raise Myles' failure to answer. We read article 1571 to apply only to a party who has not answered. Because Maryland and State Farm answered the lawsuit, article 1571 is inapplicable to them. However, because Myles did not answer the lawsuit and because a default judgment was not taken against him, the judgment against Gerald Myles is null.
Turning to the other assignment of error, Maryland and State Farm contend that the Trial Judge's conclusion that Myles had permission to use the truck was based on hearsay testimony erroneously admitted into evidence over their objections.
Wilbur Ruth, Obadiah Maryland, and Mr. and Mrs. Freeman were the only witnesses at trial, and all testified on the issue of Myles' permission to use Maryland's truck. Obadiah Maryland and Wilbur Ruth unequivocably denied permitting Myles to use the truck, either expressly or impliedly. Maryland admitted that he had employed Myles to do odd jobs for him in the past, but that it had been approximately two years since Myles had worked for him. Moreover, Maryland testified he had never allowed Myles to use the truck, even as an employee. Ruth testified that he was the only person permitted to use the truck and that he had explicit instructions from Obadiah Maryland not to lend the truck to others.
The only evidence that Gerald Myles was driving the truck with Maryland's consent was the hearsay testimony of Mr. and Mrs. Freeman. They testified that Myles told them during several conversations after the accident that he had permission to use *1099 the truck. That testimony was clearly hearsay testimony. Because it does not come within any exception to the hearsay rule, it was inadmissible. Since that statement was the only substantial evidence supporting the Trial Judge's finding of fact and the only basis of his judgment against Maryland and State Farm, we find the Trial Judge's findings of fact manifestly erroneous, and we reverse.
We do not believe the testimony comes within the exception that permits evidence of the admissions of parties. Although admissions by party opponents may sometimes be received as evidence, even assuming Myles was a party, his statements to the Freemans were not admissible against Maryland or State Farm. If they were admissible, his admissions are evidence only against him, not against his co-defendants. McCormick's Handbook of the Law of Evidence, 2d ed. section 262 (1972).
Alternatively, it might be argued that Myles' statements were admissible as declarations against interest, another exception to the hearsay rule and one which applies to statements made by a declarant who is unavailable at trial. However, the special indicia of reliability of this exception are that the statement was against the interest of the declarant at the time it was made. McCormick's Handbook of the Law of Evidence, 2d ed. section 276 (1972). Clearly, this exception does not apply to Myles' claims that he had permission to drive the truck as such statements were definitely in his interest when made. The statement was self-serving and an attempt to exonerate himself from charges of theft.
Thus, we find no exceptions to the hearsay rule which would allow the Freemans to testify to Myles' out-of-court statements. The Trial Judge erred in admitting and considering Myles' statements.
The only admissible fact tending to show that Myles was driving the truck with Maryland's permission was the indirect evidence that Maryland did not press charges against Myles for theft and possession. While Freeman contends that this shows that Maryland consented to Myles' use of the truck, Maryland explained that he requested the District Attorney to drop the charges so that Myles could be released from jail to help his mother pay Freeman for the damage to the car. We find Maryland's rebuttal testimony reasonable and persuasive on this point.
After excising the inadmissible hearsay from the record, we find manifest error in the Trial Judge's conclusion that Myles was using the truck with Maryland's permission, and hold that Obadiah Maryland is not liable for the damage caused by Gerald Myles' unauthorized use of Maryland's vehicle, and that State Farm Mutual Automobile Insurance Company's insurance coverage was not extended to Gerald Myles.
The judgment of the Trial Court is reversed and there is now judgment in favor of Obadiah Maryland and State Farm and against Robert Freeman, denying recovery and dismissing his suit. The judgment against Gerald Myles is annulled and set aside for the reasons set forth above.
All costs of trial and this appeal are to be paid by appellee, Robert W. Freeman.
REVERSED.