620 So.2d 286 (1992)
FORD MOTOR CREDIT COMPANY
v.
David J. BLANCHARD and Dawn D. Blanchard.
No. CA 91 1580.
Court of Appeal of Louisiana, First Circuit.
January 14, 1992.
*287 Marion B. Farmer, Covington, for defendants-appellants.
Gerard O. Salassi, IV, Metairie, for plaintiff-appellee.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
PER CURIAM.
This appeal is from a deficiency judgment. Defendants contend that the trial court erred in rendering judgment in favor of plaintiff because the sheriff's office failed to follow the statutory requirements in appraising the property. After a thorough review and evaluation of the record, we find that the trial court was not manifestly erroneous in concluding that there was substantial compliance with the requirements for appraisal and that plaintiff was entitled to a deficiency judgment. Therefore, we adopt the trial court's written reasons for judgment as our own. If there is no evidence of wrongdoing by a creditor or an attempt to take unfair advantage of a debtor, there should be no denial of a deficiency judgment when the procedures followed have fallen short of strict compliance, but have substantially complied. See G.M.A.C. v. Mergist, 520 So.2d 1109, 1112 (La.App.3d Cir.1987), writ denied, 522 So.2d 566 (La.1988).
Defendants also contend that the amount of attorney's fees awarded was excessive and unreasonable. The trial court awarded plaintiff the principal sum of $7,716.96, legal interest from date of judicial demand until paid, plus attorney's fees of 25% of the principal and interest, as provided in the promissory note.
The prohibition against a lawyer accepting a "clearly excessive fee" cannot be abrogated by a provision in a note fixing the amount of attorney's fees as a percentage of the amount to be collected. Central Progressive Bank v. Bradley, 502 So.2d 1017, 1017 (La.1987). The courts may inquire into the reasonableness of an attorney fee. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216, 219 (La.1982). Proof of the value of an attorney's services is not necessary if the services are evident from the record. Richard v. Broussard, 482 So.2d 729, 734 (La.App. 1st Cir.1985), affirmed, 495 So.2d 1291 (La.1986).
In the present case, the record does not reflect that the trial court held an evidentiary hearing to determine whether or not the contractual amount of attorney's fees was reasonable. The record shows that plaintiff's attorney filed the executory proceeding, the petition for a deficiency judgment, a memorandum and motion for summary judgment that was denied, and a post-trial memorandum. In addition, the minutes reveal that he attended the trial on the merits, which was brief. Since the case presented no complicated issues, the amount of attorney's fees awarded appears to be excessive.
In such cases, we are empowered, in the interest of justice, to remand for an evidentiary hearing. La.C.C.P. art. 2164. See also Gulf Wide Towing v. F.E. Wright (U.K.), 554 So.2d 1347, 1355 (La.App. 1st Cir.1989). After the hearing, the trial court shall fix reasonable attorney's fees, considering the factors set forth in Rule 1.5(a) of the Rules of Professional Conduct of the Louisiana State Bar Association.
For these reasons, that part of the judgment awarding attorney's fees is reversed. The matter is remanded for an evidentiary hearing and the fixing of reasonable attorney's fees. In all other respects, the judgment is affirmed. Costs are to be divided equally between the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.