602 So.2d 97 (1992)
James M. BRENNAN
v.
SHELL OFFSHORE, INC., et al.
No. 91-CA-2141.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1992.
Frank M. Buck, Jr., Robert L. Manard, Law Offices of Robert L. Manard, APLC, *98 New Orleans, for appellee, Timothy J. Falcon.
Russell Stegeman, Stegeman & Associates, Gretna, David A. Hilleren, Hilleren, Baines & LeBlanc, New Orleans, for intervenor/appellant.
Before BARRY, KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
Intervenor, attorney Russell Stegeman, appeals a trial court decision awarding defendant-in-intervention, attorney Timothy Falcon, 98 percent of the contingency fee earned in the instant case. We reverse.

Facts:
On August 14, 1989, plaintiff James Brennan signed a contingency fee contract with the firm of Stegeman and Falcon to represent him in the instant suit. A petition for damages was filed on January 17, 1990; Falcon signed the petition. Then, sometime around March 12, 1991, the two attorneys "ceased to operate as a law partnership." Plaintiff consulted Stegeman for a time after the split, then signed a separate agreement with Falcon, who represented him in the remainder of the proceedings and throughout the trial on the matter. By letter dated March 22, 1990, Brennan informed Stegeman that he was discharged and instructed him to forward his file to Falcon.
Prior to trial, on March 12, 1991, Stegeman intervened in the suit in his own name, seeking a portion of the attorney's fees; the intervention was severed from the principal demand. The principal demand was tried on April 9, 1991, resulting in a $262,166.67 jury verdict in favor of the plaintiff. On May 15, 1991, the intervention was set for trial on June 20, 1991. Falcon filed an answer to the intervention on June 19, 1991. No preliminary default was filed by the intervenor prior to the filing of the answer. The intervention was tried the next day, on June 20, 1991. The trial judge issued judgment ordering that 98 per cent of the contingency fee earned in the case go to Falcon and 2 per cent go to Stegeman on a quantum meruit basis. Stegeman has appealed, complaining of a number of errors, including the trial court's setting the intervention for trial before Falcon filed his answer to the intervention and the trial court's refusal to consider the partnership agreement when deciding the case on the basis of quantum meruit. Stegeman also claims that the trial court erred in awarding him only two percent of the total fee.

Setting the Case for Trial
La.C.C.P. art. 1571, relative to assignment of cases for trial, states, in pertinent part, as follows:
A. (1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(a) Require adequate notice of trial to all parties; and
(b) Prescribe the order of preference in accordance with law.
(2) These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.
The above article prohibits a trial court from assigning an ordinary proceeding for trial before an answer has been filed. Bouton v. City of Abbeville, 458 So.2d 1042, 1043 (La.App. 3d Cir.1984). Judgments entered in cases set for trial in violation of that prohibition have been declared null and void. Id.
The instant case involves setting a trial on an intervention for attorneys' fees. In Louisiana, interventions are governed by La.C.C.P. arts. 1091-1094, which are found under the broader category of "Incidental Actions" in the Code of Civil Procedure. Since an intervention is an "incidental action," some special rules apply. For example, intervenors, like Stegeman in the instant case, are required to accept the proceedings as they find them, and are prohibited from objecting "to the form of the action, to the venue, or to any defects and informalities personal to the original parties," by the provisions of La.C.C.P. art. 1094. Thus, intervenors are not allowed to raise technicalities for the sole purpose of delaying the principal action.
In most instances, an intervention is tried at the same time as the principal action. *99 Thus, the question raised by the instant casewhether an intervention may be set for trial prior to a filing of an answer by the defendant-in-interventionrarely arises. The parties fail to cite any cases dealing with this issue, and we have been unable to locate any. Certainly an intervenor is entitled to notice of his trial date; however, Stegeman does not claim that he was deprived of notice. Thus, the question is very narrowDid the trial judge violate the provisions of La.C.C.P. art. 1571 by setting the intervention for trial before Falcon had filed an answer?
The answer to that question depends solely on whether a trial on an intervention qualifies as an "ordinary proceeding" under the Louisiana Code of Civil Procedure. A study of the organization of the code reveals that interventions, as well as all other incidental actions, are considered ordinary proceedings. "Book II" of the code, beginning with article 851 and ending with article 2031, controls ordinary proceedings. Thus, all actions governed by codal articles between 851 and 2031 are subject to the requirement in La.C.C.P. art. 1571 that an answer be filed prior to the setting of a case for trial. Since interventions are governed by La.C.C.P. arts. 1091-1094, interventions are subject to that requirement. This rule does not apply when a preliminary default is taken.
Since the trial in the instant case, which involves an ordinary proceeding, was set prior to the filing of an answer, the trial was set in violation of La.C.C.P. art. 1571. Thus, the judgment resulting from the trial is null and void and must be reversed.

Failure to Consider the Partnership Agreement
Stegeman also complains that the trial court erred in refusing to consider his partnership agreement with Falcon in dividing the contingency fee between the two parties. We agree. Parties to attorney fee controversies are entitled to present evidence of the agreements governing their relationships. See Scurto v. Siegrist, 598 So.2d 507 (La.App. 1st Cir.1992). On remand, the parties are entitled to an opportunity to present all evidence concerning the proper division of the fees, including the partnership agreement.
Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings.
REVERSED.