634 So.2d 867 (1993)
NORTHSHORE INSURANCE AGENCY, INC.
v.
Darnell R. FARRIS and Randall S. Farris.
No. CA 93 0121.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
*868 Thomas H. Gray, Slidell, for defendants-appellants.
Irl R. Silverstein, Gretna, for plaintiff-appellee.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
This is an appeal from a judgment which awarded plaintiff $37,500.00, representing the balance due on a promissory note, together with interest and attorney fees, and dismissed appellant's reconventional demand. For the following reasons, we modify the award of attorney's fees and affirm.

PROCEDURAL HISTORY
On September 5, 1991, Northshore Insurance Agency, Inc. (Northshore) filed suit against Darnell R. Farris and Randall S. Farris (appellants) to collect the balance due on a promissory note. In its petition, Northshore alleged that it was the holder of a promissory note executed by appellants on February 23, 1990, for the sum of $75,000.00, which provided for thirty monthly installments of $2,500.00. The note was given for the balance due on the sale of the assets of an insurance agency purchased by appellants from Northshore. Northshore further alleged in its petition that appellants had become delinquent in the installment payments on the note, and therefore, owed the full balance of $37,500.00, together with twenty-five percent attorney fees.
On October 29, 1991, appellants filed an answer, setting forth various affirmative defenses, and a reconventional demand, seeking rescission of the sale underlying the promissory note, return of the price paid, or reduction of the sale price. No answer to the reconventional demand was filed; nor was a preliminary default entered.
On October 30, 1991, Northshore filed a Motion to Set Trial on the Merits, and on December 27, 1991, the trial court set the trial for February 13, 1992. On February 4, 1992, appellants, through their attorney of record, filed a motion to continue the trial. Although the trial court initially denied the motion for continuance, on March 4, 1992, the trial court reassigned the trial for June 9, 1992. Notice of the June 9, 1992 trial date was issued to all parties through their respective counsel of record on March 4, 1992.
Thereafter, on March 12, 1992, appellants' attorneys moved to withdraw as counsel of record. An order permitting the attorneys to withdraw was signed by the trial court on March 17, 1992.
On the June 9, 1992 trial date, appellants did not appear. The trial court allowed Northshore to present its case. Northshore introduced into evidence the promissory note, the contract of sale underlying the promissory note, and a demand letter sent to appellants by certified mail, in which Northshore, through its attorney, demanded full payment of the balance on the promissory note. Barbara Doherty, president of Northshore, testified at trial that although both written and oral demand for payment had been made, appellants had not paid any installments on the note since June of 1991. Fannie Pichon, secretary-treasurer of Northshore, testified that her testimony would corroborate Doherty's testimony.
After Northshore presented its case, the trial court orally granted judgment in favor of Northshore and against appellants in the amount of $37,500.00, together with interest, attorney fees of twenty-five percent of principal *869 and interest, and costs of the proceedings. The trial court also dismissed appellants' reconventional demand with prejudice. A judgment to this effect was signed by the trial court on June 16, 1992.
On June 23, 1992, appellants, through newly obtained counsel, filed a motion for new trial. A hearing on the motion was originally set for August 17, 1992, but was subsequently reset for September 14, 1992. On the morning of the hearing, appellants' attorney attempted to file an amending and supplemental motion for new trial with a supplemental affidavit and memorandum. Appellants' attorney also requested a continuance to allow Northshore time to prepare a counter memorandum. The trial court denied the motion for a continuance and the filing of the amending and supplemental motion.
Following the hearing on appellants' motion for new trial, the motion was denied in open court. A judgment was signed on September 17, 1992. Appellants then filed a "Motion For Reconsideration Of Denial Of Motion For New Trial," which was also denied by the trial court.
This appeal followed, in which appellants raise the following assignments of error:
(1) The trial court erred in setting the case for trial before Northshore filed an answer to appellants' reconventional demand.
(2) The trial court erred in rendering judgment against appellants on Northshore's principal demand and in dismissing, with prejudice, appellants' reconventional demand when Northshore had not answered appellants' reconventional demand.
(3) The trial court erred in rendering judgment against appellants without sufficient evidence presented by Northshore to establish a prima facie case.
(4) The trial court erred in awarding excessive attorney's fees where Northshore's counsel stipulated he had only spent 25 hours on the case.
(5) The trial court erred in refusing to allow appellants' counsel to file an amending and supplemental motion for new trial, with supplemental affidavit and memorandum.
(6) The trial court erred in denying appellants' oral motion to continue the hearing on the motion for new trial.
(7) The trial court erred in denying appellants' motion for new trial.
(8) The trial court erred in denying appellants' motion for reconsideration of the denial of their motion for new trial.

PROCEDURAL OBJECTIONS TO TRIAL COURT'S JUDGMENT

(Assignments of Error Nos. 1 and 2)
Appellants contend that the trial court erred in setting this matter for trial and in rendering judgment before Northshore had filed an answer to appellants' reconventional demand. Thus, appellants argue, any judgment resulting therefrom is null and must be reversed. LSA-C.C.P. art. 1571 states, in pertinent part, as follows:
A.(1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(a) Require adequate notice of trial to all parties; and
(b) Prescribe the order of preference in accordance with law.
(2) These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.
(Emphasis added.)
In the instant case, it is undisputed that Northshore did not file an answer to appellants' reconventional demand. Generally, no valid judgment may be rendered against a party with whom issue has not been joined by way of answer, default, or waiver. (Emphasis added). Malbrough v. Wheat, 428 So.2d 1110, 1112 (La.App. 1st Cir.1983). Thus, the issue before this Court is whether there was a waiver by Northshore of the right to answer and the delays for answering the claims asserted against it by appellants.
Initially, we note that the record shows that appellants' attorney, Tom W. Thornhill, received notice of the trial date prior to his withdrawal from the case; and Mr. Farris conceded, at the hearing on the motion for *870 new trial, that he likewise had been notified of the trial date. More importantly, while the record does not contain an answer by Northshore to appellants' reconventional demand, it does contain (1) Northshore's motion to set trial on the merits (which was filed after the filing of appellants' reconventional demand), and (2) a motion for continuance of the trial date filed by appellants with the consent of Northshore (which motion was also filed after the filing of the reconventional demand).
Under LSA-C.C.P. art. 7, we find that the filing of the motion to set the matter for trial and acquiescence in the motion to continue and re-fix the trial date constituted a general appearance by Northshore and waiver of the right to raise this irregularity. See Green v. Champion Insurance Company, 577 So.2d 249, 261 (La.App. 1st Cir.), writ denied, 580 So.2d 668 (La.1991); Cortina v. Gulf States Utilities-Cajun Electric Power Cooperative, Inc., 594 So.2d 1326 (La.App. 1st Cir.1991), writs denied, 600 So.2d 666, 667 (La.1992); Blewer v. Clark, 590 So.2d 629, 630 (La.App. 3rd Cir.1991); Thus, issue was joined as to Northshore by its waiver of this irregularity, and the trial court did not err in proceeding with trial and in rendering judgment on the merits.[1]

MERITS OF THE TRIAL COURT'S JUDGMENT

(Assignments of Error Nos. 3 and 4)
Turning to the merits of the trial court's judgment, appellants challenge the finding of the trial court that Northshore had presented a prima facie case and was entitled to an award of attorney's fees.
We find no merit in appellants' contention that there was insufficient evidence to sustain a judgment in Northshore's favor. In a suit on a promissory note, even where affirmative defenses and a reconventional demand are raised, the payee who produces the note sued upon makes out a prima facie case and will be given the presumption that the instrument was given for value received. Graves v. Porterfield, 555 So.2d 595, 598 (La.App. 1st Cir.1989); Humphrey v. Humbrecht, 427 So.2d 461, 463 (La.App. 5th Cir.), writ denied, 433 So.2d 1052 (La.1983). Only if the maker casts doubt upon the issue of consideration will the presumption be rebutted and the burden shifted to the payee to prove consideration by a preponderance of the evidence. Community Bank of Lafourche v. Motel Management Corporation of Louisiana, Inc., 558 So.2d 641, 644 (La.App. 1st Cir.1990). Thus, Northshore's production of the note sued upon constituted prima facie evidence of its claim against appellants.
Appellants further contend that Northshore failed to prove the satisfaction of certain suspensive conditions, that being the obtaining, securing and execution of a contract with Siebels Bruce Group. However, a party relying upon a suspensive condition as a defense to a note bears the burden of proving the existence or non-satisfaction of the condition. Abraham v. Sperandeo, 423 So.2d 65, 66 (La.App. 1st Cir.1982). Therefore, it was appellants' burden, not Northshore's, to prove that the suspensive conditions of the note had not been satisfied. Moreover, considering the testimony of Northshore's president, we find no error by the trial court in granting judgment in Northshore's favor for the balance due on the note.
Regarding the issue of attorney's fees, the judgment reflects that Northshore was awarded 25% of the principal and interest due on the note. Appellants argue this fee is excessive and urge this court to reduce the amount. The award of 25% totals approximately $10,000.00, and we agree with appellants *871 that this amount is excessive under the facts of this case.
Courts may inquire into the reasonableness of legal fees. The prohibition against excessive attorney's fees cannot be avoided by fixing the amount of attorney's fees as a percentage of the amount to be collected on a note. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987) (per curiam); Ford Motor Credit Company v. Blanchard, 620 So.2d 286, 287 (La.App. 1st Cir.1992) (per curiam); Allen v. Burnett, 530 So.2d 1294, 1307 (La.App. 2nd Cir.1988). Factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Louisiana Rules of Professional Conduct, Rule 1.5; Jackson Parish Bank v. Durbin, 535 So.2d 1074, 1078 (La.App. 2nd Cir.1988).
While the trial courts have much discretion in awarding attorney's fees, Allen, 530 So.2d at 1307, this discretion is not unbridled. It appears from the record that the trial court made no determination of whether the amount of attorney's fees provided for in the note was reasonable. No evidence was received on this issue, other than counsel's reference to the note calling for 25% attorney's fees, and counsel's "stipulation" that he had expended approximately 25 hours in connection with this matter in the trial court. We conclude that the fee awarded is excessive, considering the factors set forth above. However, because the record reflects a basis for fixing a fee, this court will set the fee accordingly, rather than remand for the taking of additional evidence. Durbin, 535 So.2d at 1079.
Northshore's attorney stipulated at trial that he had only spent 25 hours of legal time on this case. The issues presented in this suit on a promissory note could hardly be considered novel or complex legal issues. Considering this, as well as the number of pleadings filed, the time spent at trial of this matter and the time expended on this appeal, we conclude that a reasonable fee for the legal services rendered in obtaining this judgment is $5,000.00, and we amend the judgment accordingly.

MOTION FOR NEW TRIAL

(Assignments of Error Nos. 5, 6, 7 and 8)
Appellants further contend that the trial court erred in not allowing appellants to file an amending and supplemental motion for new trial on the morning of the hearing on the motion for new trial, and in refusing to grant a continuance to allow Northshore to respond to the amending and supplemental motion.
The decision as to whether to allow the filing of an amending and supplemental pleading is within the sound discretion of the trial court and will not be disturbed except where an abuse of discretion has occurred, indicating a possibility of resulting injustice. See First Guaranty Bank v. Pineywood Partnership, 569 So.2d 209, 213 (La.App. 1st Cir.1990); Carter v. Safeco Insurance Co., 435 So.2d 1076, 1081 (La.App. 1st Cir.1983). Likewise, while a continuance may be granted for "good ground therefor," granting a continuance rests within the sound discretion of the trial court. LSA-C.C.P. art. 1601; Heaton v. Gulf International Marine, Inc., 536 So.2d 622, 625 (La.App. 1st Cir.1988).
In the instant case, appellants attempted to file their amending and supplemental motion for new trial, and orally requested a continuance, on the morning of the scheduled hearing on their motion for new *872 trial. As noted by the trial court in its reasons for denying the continuance and refusing to allow the filing of the amending and supplemental motion: "Everything about this case seems to be late coming including the defendants at the trial. In fact, they not only were late, they didn't show." We find no abuse of discretion by the trial court in refusing to allow appellants to file their amending and supplemental motion for new trial, or in its denial of appellants' motion for continuance.
Regarding the merits of their motion for new trial, appellants contend that the trial court erred in failing to grant a new trial. A motion for new trial shall be granted when the verdict is clearly contrary to the law and evidence or when a party has discovered evidence since the trial, which is important to the cause and which could not have been obtained before or during the trial with due diligence. LSA-C.C.P. art. 1972. A motion for new trial may also be granted in any case if there is good ground therefor. LSA-C.C.P. art. 1973. Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that judgment would result in a miscarriage of justice. Bush v. Cannata's Supermarket, Inc., 612 So.2d 794, 797 (La.App. 1st Cir. 1992).
In their motion for new trial, appellants argued that their failure to appear at trial was a result of a misunderstanding and that they should be given an opportunity to present evidence in their defense and in support of their reconventional demand. However, as noted by the trial court: "Counsel for each party was advised of the date of the trial. Subsequent to receipt of the notice of trial by Mr. Thornhill [appellants' attorney], Mr. Thornhill withdrew from this case. There is no question but [t]hat there was valid service of notice of trial in this particular case." Moreover, Mr. Farris conceded at the hearing on the motion for new trial that he was given notice of the hearing date.
Although appellants failed to appear, Northshore presented its case, and based on the evidence it presented, Northshore was entitled to judgment in its favor. We find no abuse of discretion by the trial court in failing to grant appellants' motion for new trial.

CONCLUSION
For the foregoing reasons, the June 16, 1992, judgment of the district court is amended to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Northshore Insurance Agency, Inc., and against the defendants, Darnell R. Farris and Randall S. Farris, jointly, severally and in solido in the sum of $37,500.00 together with legal interest from June 9, 1992, until paid, together with attorney's fees in the amount of $5,000.00, and for all costs of these proceedings.
The September 15, 1992, judgment denying appellants' motion for new trial is affirmed.
Costs of this appeal are assessed one-half against appellants, Darnell R. Farris and Randall S. Farris, and one-half against appellee, Northshore Insurance Agency, Inc.
AMENDED, AND AS AMENDED, AFFIRMED.
GONZALES, J., concurs.
GONZALES, Judge, concurring.
I respectfully concur. Although I agree with the result reached by the majority, I do not agree with the analysis employed.
In assignments of error numbers one and two, appellants contend that, pursuant to LSA-C.C.P. art. 1571, the trial court erred in setting this matter for trial and rendering judgment against them before Northshore filed an answer to appellant's reconventional demand. Although the majority indicates in a footnote that the appellants have no standing to make this argument, they proceed to analyze the assignments of error and then reach the conclusion that Northshore waived the right to raise this irregularity by filing the motion to set the matter for trial and by acquiescing in the motion to continue and re-fix the trial date. Although the application of the waiver theory would be proper had *873 Northshore objected to the setting of the trial, in this case, the waiver theory does not apply because Darnell and Randall Farris raised the objection, not Northshore.
Therefore, assignments of error numbers one and two should have been disposed of based on appellants' lack of standing to raise the objections; it was not necessary to reach the issue of waiver.
NOTES
[1] We believe that appellants lacked standing to raise the issue of Northshore's failure to answer. See Freeman v. Myles, 449 So.2d 1096, 1098 (La.App. 4th Cir.), writ denied, 457 So.2d 12 (La.1984). While we are aware of the Fourth Circuit's holding in Brennan v. Shell Offshore, Inc., 602 So.2d 97 (La.App. 4th Cir.1992), we find the instant case to be factually distinguishable. We also decline to follow Brennan, because we find the analysis in Freeman to be more persuasive. Moreover, the record shows that the matter was eventually re-fixed for trial on appellants' motion. Thus, even if appellants had standing to raise this issue, any objection to this irregularity was waived by appellants' actions in the proceedings below. See Cortina, 594 So.2d at 1328.