|iWALTZER, Judge.

STATEMENT OF THE CASE

On 25 July 1994 Janelle Batiste and Lorina Batiste sued Rhene Antonio, Ozark Motor Lines, Inc. and Vanliner Insurance Company for damages allegedly sustained when a vehicle owned by Ozark and operated by Antonio struck a vehicle operated by Lorina Batiste in which Janelle Batiste was a guest passenger. Plaintiffs were represented by Evan E. Tolchinsky, and requested trial by jury. On 2 August, plaintiffs filed a request for service on Vanliner, and service was made on 8 August 1994. Vanliner filed its answer in September, 1994.
Plaintiffs pursued discovery against Van-liner. On 8 June 1995, counsel for plaintiffs *616 moved to set the matter for trial on the merits, certifying that the ease was then ready for trial in accordance with Civil District Court Rule 10, Section 1. Plaintiffs listed Guy Perrier, 1100 Poydras Street, New Orleans as counsel for defendants Antonio, Ozark and Vanliner.
On 16 June 1995, plaintiffs’ counsel filed a request for service of the original petition on Antonio and Ozark. A sheriffs return shows that citation was served on Ozark through its registered agent in Baton Rouge, Louisiana on 7 July 1995.
The matter proceeded to trial on 27 February 1996. On 28 February 1996, Ozark answered the original petition. At the conclusion of presentation of plaintiffs’ evidence, counsel for Vanliner moved for and was granted a directed ^verdict dismissing plaintiffs’ claim without prejudice at plaintiffs’ cost. Judgment based on that motion was rendered on 4 March 1996.
Plaintiffs’ motion for new trial or, alternatively, to amend the judgment to dismiss only Vanliner and to strike Ozark’s answer was denied.
Tolchinsky amended his motion, seeking an order declaring the matter settled and compromised and dismissing plaintiffs’ claims with prejudice. This motion was served personally on Janelle and Lorina Batiste on 16 August 1996. On 21 August 1996 plaintiffs moved to enroll John W. Redmann as their counsel of record. On 18 September 1996, plaintiffs moved for a new trial. This motion was denied by judgment of 8 November 1996, and plaintiffs appeal. The trial court granted plaintiffs’ motion for devolutive appeal on 13 January 1997.

FIRST AND SECOND ASSIGNMENTS OF ERROR: The trial court erred in setting and hearing the case and in granting the Motion for a Directed Verdict when two of three parties defendant had neither been servedl

[1]

 nor filed responsive pleadings.

Plaintiffs rely on La. C.C.P. art. 1571 A(2), which provides in pertinent part that local rules of court shall now allow the assignment of ordinary proceedings for trial except after answer has been filed. No case shall be placed upon any docket for trial in the Civil District Court for the Parish of Orleans except by order of the court, granted upon motion by a party, suggesting to the court, inter alia, that all issues propounded in the principal and incidental demands have been joined. Counsel for the mover shall sign the motion certifying that trial counsel for all parties have conferred, in person, to confirm that this has been ^accomplished. Rule 10, section 1, Rules of the Civil District Court for the Parish of Orleans.
These provisions have been held to be waivable by action of the parties. See Herrington v. Skinner, 93-1556 (La.App. 3 Cir. 6/1/94), 640 So.2d 748, 750 (holding that general appearance by counsel at the hearing constitutes waiver); Cortina v. Gulf States Utilities-Cajun Elec. Power Co-op., Inc., 594 So.2d 1326, 1328 (La.App. 1 Cir.1991), writs denied, 600 So.2d 666, 667 (La.1992).
Plaintiffs rely on two decisions of this circuit that invalidated judgments rendered against defendants who had not joined issue. In Freeman v. Myles, 449 So.2d 1096 (La.App. 4 Cir.), writ denied, 457 So.2d 12 (La.1984), co-defendants sought to invalidate the judgment rendered against them based upon failure of a third co-defendant to answer. This Court held that La.C.C.P. art. 1571 applies only to a party who has not answered, and that, as to that defendant only, the judgment is null. The co-defendants were found to lack standing to raise the issue. However, Freeman did not address the question of applicability of article 1571 to nullify a judgment rendered in favor of a non-appearing party.
Likewise, in Brennan v. Shell Offshore, Inc., 602 So.2d 97 (La.App. 4 Cir.1992), this Court nullified a judgment rendered on an intervention for attorneys’ fees prior to answer having been filed by the defendant-in-intervention, holding on the narrow question that an intervention is an “ordinary proceeding” within the meaning of article 1571.
The clear purpose of article 1571 is to protect an absent, unrepresented party from the effect of a judgment rendered without his knowledge and participation, and is a means *617 of ensuring that due process safeguards have been met in the trial Uproceedings. This purpose is not furthered by nullifying a judgment that dismisses the claims brought against Mr. Antonio, the nomappearing party-
We note that Ozark filed its answer on the second day of trial; thus, issue was joined as to this defendant prior to entry of judgment on the motion for a directed verdict, and Ozark was represented by counsel for Van-liner.
Plaintiffs certified to the trial court that issue had been joined as to all defendants when they moved to set the ease for trial. In fact, at the time of certification, plaintiffs had not requested service of process on either Antonio or Ozark. They cannot now be heard to complain that the trial court’s action setting the matter for trial, taken in reliance on plaintiffs’ certification that issue was joined as to all defendants and that the matter was ready to be set for trial, is erroneous. Assuming, arguendo, that plaintiffs have standing to raise the issue, which is contrary to the holding in Freeman, it is clear'from the record that they have waived that right.
These assignments of error are without merit.

THIRD ASSIGNMENT OF ERROR: The trial court erred in failing to grant a new trial and to open plaintiffs’ case when it became apparent that the parties did not agree as to the meaning of the coverage stipulation.

A plaintiff alleging liability of an insured or his insurer for negligent acts of a nonowner-user driver under an omnibus clause has the burden of proving that the vehicle was being used with express or implied perinission of the named insured. Cook v. Rice, 534 So.2d 1380, 1381 (La.App. 4 Cir.1988).
Plaintiffs contend that the only reason the Motion for Directed Verdict was granted was plaintiffs’ misunderstanding that the coverage stipulation ■ entered into 15between the parties resolved all coverage issues. The stipulation provided in pertinent part:
2. That the Vanliner policy provides liability insurance in the amount of $1 million on the truck owned by Ozark Motor Lines, Inc. and involved in this accident.
This stipulation is essentially identical to that involved in Mercadel v. Tran, 92-0798 (La.App. 4 Cir. 3/29/94), 635 So.2d 438. In Mercadel, plaintiff proved that Han Tran negligently operated an automobile owned by Due Tran and insured by Lloyds; however, plaintiff did not prove permissive use which Lloyds claimed was required by the policy to cover a non-owner driver. As in the instant case, Mercadel failed to subpoena either the owner or driver, and the record was void of evidence that service had been attempted. The parties in Mercadel stipulated “that a policy was issued to Due Tran and covered the Chevrolet.” This court held that since Louisiana law requires the plaintiff, not the insurer, to prove permissive use and the evidence presented by the plaintiff was insufficient to prove such permission, the court correctly rendered the verdict in favor of Lloyds.
Mercadel is controlling law. The stipulation in both cases clearly operated only as to the existence of an insurance policy covering the vehicle in question; in neither case did the parties stipulate to permissive use that would have extended omnibus insurance coverage to the driver of the vehicle.
We find nothing in the record to support plaintiffs’ equitable claim that Ozark manipulated the justice system, or that the actions of defense counsel led plaintiffs to believe that the stipulation implied more than it clearly stated. The written stipulation is clear and unambiguous. This assignment of error is without merit.
| fiiCONCLUSION AND DECREE
In light of the foregoing analysis, we find no error in the trial court’s judgment granting directed verdicts in favor of defendants and denying plaintiffs’ motions for new trial or alternatively to strike answer and amend judgment.

AFFIRMED.

. The record shows that only Antonio was un-served at the time trial commenced.