FOGG, J.
The salient issue raised on appeal in this contract case is whether a trailer is an immovable or a movable. The trial court found the trailer was a movable. For the following reasons, we affirm.
Rodney Powell worked for Notoco Industries, Inc. from approximately 1980 until 1995. His duties included entertaining clients of Notoco by taking them fishing near Chauvin, Louisiana. To facilitate this entertainment, Notoco purchased a boat and paid for the use of a camp.
*837 In 1988, Terry Lapeyrouse asked Mr. Powell if he would be interested in purchasing a trailer and leasing a campsite that was owned by his company, Robinson Canal Land Co., Ltd. In 1988, Mr. Powell purchased the trailer and entered into a six year lease of the campsite in his own name. Notoco paid the lease payments, utility bills, and insurance premiums, as well as, the costs for the materials and labor for improvements to the trailer. Charles Noto, owner and president of No-toco, testified that Notoco and Mr. Powell agreed that each would own fifty percent of the trailer.
In 1994, Mr. Powell entered into another six year lease with Robinson Canal Land Co. for the campsite. In 1995, Mr. Powell left the employ of Notoco, and the ownership of the trailer became a contested issue. In 1998, Notoco discovered that Rodney and Kimberly Powell had subleased the premises to a third party, who demolished portions of the trailer. On October 8, 1998, Notoco filed suit, seeking to be declared lessee of the premises or, in the alternative, to be awarded a money judgment for monies expended by it for improvements, lease payments, and sublease payments. On March 25, 1999, Rodney and Kimberly Powell executed an Act of Cash Sale to Henrietta Marie Smith Hunt for the sale of the trailer for $60,000. No-toco amended their petition on April 26, 1999 to seek to be declared co-owner of the trailer and be awarded a money judgment in the sum of $30,000.
liiThe trial was scheduled initially for January 25, 2000 and was continued at the request of the defendants. It was reset for June 21, 2000. On the day of trial, Mr. Powell appeared in court without representation and requested . a continuance, which the trial court denied. After trial on the merits, the trial judge rendered judgment in favor of Notoco and against Rodney and Kimberly Powell in the sum of $30,000. The defendants filed a motion for new trial, which was also denied by the trial court. The Powells appeal.
Initially, the appellants claim the trial court erred in refusing to grant them a continuance. LSA-C.C.P. art 1601 provides for a continuance “if there is good ground therefor.” The trial court has great discretion in granting or denying a continuance under LSA-C.C.P. art. 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974). Among the factors the trial court will consider when deciding a motion for continuance are diligence, good faith, and reasonable grounds. Coffman v. Mainhardt, 602 So.2d 264 (La.App. 2 Cir. 1992).
According to the Powells, approximately thirty days prior to trial, their attorney informed them that he was withdrawing from the case. There is nothing in the record that indicates that the Powells attempted to contact opposing counsel to discuss a continuance. However, they did discuss representation with several attorneys. One required a $5,000 retainer, and the Powells did not employ him. Rather, they continued to look for a lawyer.
At trial, Mr. Powell requested a continuance. The court asked Mr. Powell if he would be willing to pay all of the costs Notoco incurred in preparing for trial on that date. Mr. Powell replied, “Uh, yes, sir.” However, when the Powells provided neither the verified funds or the cash to pay Notoco’s expenses, the trial court denied the continuance.
| Considering the above, it is clear that the Powells failed to demonstrate that they acted diligently in attempting to obtain representation. Therefore, the trial court *838 did not abuse its discretion in requiring the Powells to proceed.
The Powells also assert that the trial court erred in refusing to grant a new trial, as the motion for a continuance was improperly denied. Generally, the trial judge should grant a new trial when the trial court, in the exercise of discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Northshore Ins. Agency, Inc. v. Farris, 634 So.2d 867 (La.App. 1 Cir.1993). The trial court has much discretion in determining whether to grant a motion for new trial. LSA-C.C.P. art. 1971; Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094.
Finding, as we have above, that the trial court did not err in denying the Powells’ motion for a continuance, and considering the testimony that was obtained during the hearing on the motion for a new trial, we find the trial court did not abuse its discretion in denying their motion for a new trial.
Finally, the appellants assert that the trial court erred in finding that Notoco had an ownership interest in the trailer, asserting the trailer is an immovable and Notoco does not have title to it. We find no merit to this assertion. In LSA-R.S. 9:1149.4, the legislature set forth the actions necessary for a mobile home to be-, come an immovable. Herein, these requirements were not complied with. Therefore, this trailer did not become an immovable. This case is distinguishable from the case of Ellis v. Dillon, 345 So .2d 1241 (La.App. 1 Cir.1977), as that case concerned the determination of whether a mobile home is an immovable for purposes of qualification for a homestead exemption. The present case deals with the enforceability of an oral contract under which the parties are co-owners of a trailer.
1 ¡/For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Rodney and Kimberly Powell.
AFFIRMED.