BROWN, Chief Judge.
hAn instanter order was issued on October 12, 2012, placing K.R. and J.W.R., ages 11 and 9 respectively, in the state’s custody before their placement with their maternal grandparents. At the continued custody hearing, the father, who lives in Plaquemines Parish, stipulated to continuation of this custodial arrangement. The affidavit filed by the state in support of the instanter order contained no allegations against or involving the children’s father inasmuch as they have been in the custody of their mother and/or maternal grandparents. The mother through her court-appointed attorney likewise stipulated to continued custody of the children with their grandparents.
The affidavit filed by the state in support of the instanter order set forth the reason for them request. The state had received a report on September 13, 2012, that another child, 16-year-old J.C., had overdosed and died as a result of taking his mother’s medication about a week earlier. Further, the mother has a history with DCFS due to her alleged neglect of her children on several occasions. The mother was validated for dependency in 2006 when she was arrested for possession of a controlled dangerous substance (crack *523 cocaine) after having a vehicular accident while the children were in the car with her. The children were placed in foster care at that time, then placed in the custody of their maternal grandparents. The children were returned to their mother in 2007 when their grandmother was diagnosed with cancer. The mother was validated in March 2010 for lack of supervision for leaving K.R. and J.W.R. home alone. Because of her severe substance abuse problem, the mother had been treated on multiple | ¡^occasions at inpatient and outpatient facilities for drug abuse. The state alleged that good cause existed and that K.R. and J.W.R. could not be adequately protected from their mother’s drug dependency while in her care.
The state filed a child in need of care petition on November 26, 2012, based upon the allegations and concerns about the mother’s dependency and the older son’s overdose and death set forth in the instanter order and supporting affidavit. An adjudication hearing was set for December 17, 2012. Both parents were represented by court-appointed attorneys and stipulated that K.R. and J.W.R. were children in need of care. The court ordered that custody was to be maintained with the state pending the disposition hearing to be held on January 14, 2013, and ordered a home study of the father’s residence to be conducted by DCFS.
Although the mother had informed the trial court in previous appearances that she would be hiring her own attorney, she did not do so until January 3, 2013. A motion to continue the disposition hearing was filed by the mother’s new counsel on January 4, 2013. At two prehearing conferences, the judge advised retained counsel that she would deny his motion to continue and would likewise bar any testimony from either the mother or the father of the children at the disposition hearing based upon application of La. Ch. C. art. 680.
At the beginning of the disposition hearing on January 14, 2013, the trial court heard and denied the mother’s motion to continue. The mother’s attorney objected to the court’s denial of a continuance, as well as the court’s interpretation of La. Ch. C. Art. 680 as allowing only the state and ^children to present evidence and call witnesses at the disposition hearing and limiting the parents to cross-examination of the witnesses of the state and children. The mother was opposed to the placement of the children with the father and wanted the children continued in the custody of her parents.
The trial court found that the state failed to meet its burden that a non-offending parent, the father, was unfit for placement, and believed that the least restrictive disposition consistent with the health and safety of the children was to place them with their father. Therefore, the children were placed with him in his parents’ home in Plaquemines Parish, with several restrictions.[1] It is from this judgment that the mother has appealed, urging that the trial court erred in denying her the opportunity to present evidence or call witnesses at the disposition hearing and in refusing to continue the proceedings so that she could collect additional evidence about the father’s criminal conduct/history. We affirm.

*524
Discussion

Denial of Motion For Continuance

According to the mother, the trial court erred in denying the motion to continue filed by her attorney on January 4, 2013, and re-urged by counsel at the January 14, 2013, disposition hearing. The state, the father’s attorney, |4and the children’s attorney agree that the trial court’s denial of the motion to continue was proper, citing La. Ch. C. art. 678.
[1,2] Louisiana Children’s Code art. 678(C) provides in part that upon a showing of good cause and notice to the opposing party, the court may grant, deny, or restrict a requested continuance of the proceeding in accordance with the best interests of the child. Article 678(C) is permissive and grants to the court the discretion to determine whether good cause for a continuance has been shown and whether doing so is in the best interest of the children. This discretion is analogous to that granted to courts under La. C.C.P. art. 1601. Among the factors courts consider in deciding an article 1601 motion for continuance are diligence, good faith, and reasonable grounds. Coffman v. Mainhardt, 602 So.2d 264 (La.App. 2d Cir.1992); Notoco Industries, Inc. v. Powell, 01-1817 (La.App.1st Cir.11/08/02), 835 So.2d 835.
The mother initially stated that she intended to hire an attorney at the continued custody hearing on October 15, 2012. She did not do so for more than 10 weeks, during which time she was represented by an attorney experienced with juvenile matters at two hearings and an appearance. The mother has failed to show that she acted with diligence in retaining another lawyer. She thus failed to demonstrate good cause for the requested continuance. Furthermore, the disposition hearing was held 28 days after the adjudication, creating a potential timeliness issue. La. Ch. C. art. 678(B) provides that the disposition hearing may be conducted immediately after the adjudication and shall be conducted within 30 days after the | Badjudication. The trial court did not abuse its discretion in denying the motion for continuance. See La. C.C.P. art. 1601; Notoco Industries, Inc., supra.

Limitation of Evidence at Disposition Hearing

The mother also takes issue with the trial court’s denial of her request to present evidence and/or call witnesses at the disposition hearing. The state, the father’s attorney, and the children’s attorney agree that the correct procedure was followed by the trial court.
The applicability of the rules of evidence during the “Child in Need of Care” proceeding depend on the stage at which the evidence is being submitted. State ex rel. D.H., 04-2105 (La.App.1st Cir.02/11/05), 906 So.2d 554. The adjudication hearing was held on December 17, 2012. The mother and the father had the option to have a full adjudication hearing on this date. See La. Ch. C. art. 662, which provides that at an adjudication hearing, the children and the parents may introduce evidence, call witnesses, be heard on their own behalf, and cross-examine witnesses called by the state. Instead, both parents, who were represented by counsel, stipulated that the children were in need of care.
Once the adjudication hearing was complete, La. Ch. C. art. 662 was no longer applicable regarding the presentation of evidence; rather, the articles on disposition, set forth in La. Ch. C. art. 678 et seq., became the governing provisions for the disposition hearing set for January 14, 2013. Louisiana Children’s Code article *525 680 provides that the court shall consider the report of the predisposition investigation, the case plan, any reports of | fimental evaluation, and all other evidence offered by the child or the state relating to the proper disposition. The court may consider evidence which would not be admissible at the adjudication hearing. As noted by this court in State in the Interest of C.W. v. Womack, 28,310 (La.App.2d Cir.02/28/96), 669 So.2d 700, this includes hearsay evidence.
What article 680 does not specifically provide, however, is that the parents have the right to present evidence at the disposition hearing. As this court observed in State in the Interest of C.W., supra at 706:
A judgment of disposition is not a permanent termination of parental rights. In fact, the disposition must be reviewed within nine to twelve months after the disposition hearing and dispositional reviews must be held at least once every twelve months thereafter. La. Ch. C. art. 702. Furthermore, the court may modify a judgment of disposition on its own motion or upon a motion of the district attorney, the department, the child, or his parents. La. Ch. C. art. 714.
The state at the disposition hearing called DCFS foster care worker Donna Harris to testify. Ms. Harris presented the report of the predisposition investigation, the case plan, and information concerning the father. Ms. Harris testified that the home study done in Plaquemines Parish of the paternal grandparents’ home recommended placement of the children with the paternal grandparents, not the father.
At the time of the hearing, a criminal history check on the father had not been provided to the DCFS. The father, however, had told Ms. Harris that he had a history of DWI charges, with the most recent having been in 2012. Ms. Harris testified that the agency had concerns about the father arising from both a cruelty to juveniles charge and issues with intoxication. Further, Ms. Harris testified that the father was not current with his child 17support obligation for the boys and was in arrears over $3,000. Also, the father had not provided proof of his income to Ms. Harris. While a substance abuse counselor had not been set up for him as provided in the case plan, the father had done nothing on his own toward seeing one. The state had no information about what, if any, treatment the father had received, and no information about whether he was on probation.
Citing that it was problematic for the children to be moved, that they had just gotten used to their new school, and that they were receiving grief therapy, DCFS felt it was best to leave the children with the current placement. Counsel for the mother made it clear during the course of the hearing that the mother agreed with the state that the children should be continued in the custody of the maternal grandparents. In closing, the state argued that the current placement of the children with the maternal grandparents was safe and in the best interest of the children.
We do not find that the trial court abused its discretion in excluding the evidence proffered by the mother. The testimony of the DCFS worker did include the mother’s concerns about the father’s criminal history, although the department’s investigation of the father was incomplete as of the date of the disposition hearing. Neither the mother nor the father cross-examined this witness.
We do not envy the predicament faced by the trial court in this case. In order to determine the placement of *526 children, the court must be made aware of all circumstances of the children’s situation. State in the Interest of ERL, 44,225 (La.App.2d Cir.02/25/09), 4 So.3d 286; State in the Interest of C.W., supra. As the court observed, the disposition alternatives of La. Ch. C. art. 681 are set forth in order of preference. The first is that the children be placed in the custody of a parent or such other suitable person as deemed in the best interests of the children. In order to have the trial court override the father’s right to custody of the children and place them with the maternal grandparents as the state desired, the state had the burden of proving that the welfare of the children could not be adequately safeguarded in the custody of their father. See La. Ch. C. art. 682. The trial court found that the state failed to establish that the father was unfit and in light of this record, we agree with that conclusion.[2]

Conclusion

For the i'easons set forth above, the judgment of the trial court is AFFIRMED.
GARRETT, J., concurs in the result.
WILLIAMS, J., concurs in the result.

. The court ordered: (1) family services; (2) grief counseling for the children; (3) that the father would not be allowed, under any circumstances, to drive the children; (4) supervised visitation for the mother through DCFS in Plaquemines Parish; (5) that the father can not sleep in the same bedroom as the children; and (6) that the father must submit to a substance abuse assessment in Plaquemines Parish and follow any recommendations.

. We note, however, as did the court in State in the Interest of C.W., supra, that pursuant to La. Ch. C. art. 714, the trial court may modify its judgment of disposition on its own motion, or upon motion of the district attorney, the state, the parents or the children.