SAVOY, Judge.
The instant suit was instituted by plaintiffs as ordinary creditors of. Royal Rice Mill, Inc., against it, Hi-Way Developers, Inc., and the First National Bank of Crowley. The prayer asks for judgment for the ordinary creditors against Royal Rice Mill, Inc., for money judgments; for judgment in favor of plaintiffs against Pli-Way Developers, Inc. requesting a revocation of a sale made by Royal Rice Mill, Inc., to Hi-Way Developers, Inc.; and, for judgment against the First National Bank decreeing that said bank return to Royal Rice Mill, Inc., the sum of $19,000.00, being the purchase price of the property sold by it to Hi-Way Developers, Inc.
For a cause of action plaintiffs alleged that on the 11th day of December, -1958, Royal Rice Mill, Inc., was placed in voluntary liquidation under the provisions of LSA-R.S. 12:53 et seq., and that on the same date Ivan Villejoin and Robert L. John were appointed and confirmed as liquidators for said corporation; that on March 25, 1960, in a suit entitled, “First National Bank of Crowley v. Royal Rice Mill, Inc., in Liquidation, et al”, No. 20,757 on the docket of the Acadia Parish, Louisiana, court, the First National Bank filed a suit against Royal, wherein the First National Bank alleged that it was the holder and owner for valuable consideration before maturity of eight (8) promissory notes in the sum of $4,500 each, which notes were signed by Royal Rice Mill, Inc., as maker and endorsed by Michael F. John, Fred M. Delahoussaye, J. Sidney Delahoussaye and Harry P. John; that said notes were secured by an act of conventional mortgage executed by Royal in favor of it, dated January 10, 1958; that to secure the payment of said note Royal mortgaged and hypothecated in favor of said bank certain real estate situated in the Parish of Acadia, Louisiana, and described fully in the act of mortgage. The First National Bank alleged further that the principal amount of the notes was $45,000.00; that two (2) of the notes had been paid and eight (8) remained *406 unpaid in the total sum of $36,000.00; that amicable demand had been made for payment without avail; and, accordingly, it prayed for judgment against Royal and the endorsers of said notes. To this suit the Delahoussayes filed a general denial stating that they were conditional endorsers of said notes and asked that judgment against them be dismissed. The defendants, Michael F. and Harry P. John, and Royal Rice Mill, Inc., in liquidation, admitted the indebtedness to the First National Bank in the sum of $36,000.00.
The district judge, on the 6th day of January, 1961, granted the First National Bank judgment against all defendants as prayed for. This judgment was read and signed in open court on January 12, 1961, and on the same date it was duly recorded in the mortgage books of Acadia Parish, Louisiana.
On March 15, 1961, the shareholders of Royal Rice Mill, Inc. in liquidation revoked the liquidation proceeding. On the following day, March 16, 1961, Royal Rice Mill, Inc., sold to defendant, Hi-Way Developers, Inc., the remaining real estate which it owned for $19,000.00.
Plaintiffs allege further that at the time of the above-named transactions, defendant, Royal, was notoriously insolvent, and that the directors and officers of Hi-Way Developers, Inc., knew of the insolvency of Royal and were fully acquainted with the affairs of Royal during the time it was in liquidation; that an offer was made on or about March 13, 1961, to purchase the property sold by Royal to Hi-Way Developers for $27,000,00 cash, which offer was rejected; that said transfer from Royal to Iii-Way was in violation of the Bulk Sales Act; that the transfer was in legal fraud of the plaintiffs, and that the First National Bank, after returning the $19,000.00, should be relegated to an ordinary creditor against Royal.
To this suit the First National Bank filed various exceptions. These exceptions were heard at a different time from the trial on the merits involving defendants, Royal and Hi-Way Developers.
Defendant, Royal, filed an exception of vagueness and an exception of no right or cause of action, which, apparently, were overruled by the trial court. Royal did not file an answer; however, it was represented by counsel and all parties went to trial without objection as to the lack thereof. Under these facts, the district court could render a valid judgment in its favor or against it. See Morris v. Williams (La.App., 1 Cir., 1956), 88 So.2d 721, and cases cited therein in the first paragraph of the. right column on page 723 of said opinion.
Defendant, Hi-Way Developers, Inc.r filed a general denial.
The exceptions filed by the First National Bank were maintained by the trial judge, and judgment was rendered in its favor, dismissing plaintiffs’ suit as against it. The hearing was had on the claim against Royal' and Hi-Way Developers, and the trial judge,., without assigning written reasons, entered judgment in favor of both defendants, against plaintiffs. From this judgment plaintiffs have appealed.
The main contention advanced on-oral argument and in brief by counsel for-plaintiffs is that the judgment rendered in favor of the First National Bank in its suit against Royal in liquidation, was null' and void and can be attacked collaterally in the instant proceedings.
As to the proposition that a valid judgment can be attacked collaterally, plaintiffs. cite the case of Decuir v. Decuir, 105 La. 481, 29 So. 932.
Plaintiffs contend that the judgment obtained by First National Bank against Royal' was invalid, citing as authority the case of Brown & Son v. Wholesalers, Inc., in Liquidation (La.App., 1 Cir., 1951), 52 So.2d 321. This case was decided on the principle that the corporation was dissolved as a legal entity upon the appointment of liquidators; however, the opinion does not. *407 refer to LSA-R.S. 12:62, which, as originally enacted as part of the Revised Statutes did not include provision D thereof which was added by Act 100 of 1950. This provision provides:
“Corporate existence continues until the certificate of dissolution is issued by the Secretary of State. At any time before termination of corporate existence, a voluntary dissolution may be revoked * *
In the recent case of Marine Forwarding & Shipping Co. v. Barone (La.App., 4 Cir., 1963), 154 So.2d 528, the court stated that a corporation undergoing voluntary liquidation is capable of standing in judgment, and that the corporate existence continues until certificate of dissolution is issued by the Secretary of State. As a basis for its holding, the court cited LSA-R.S. 12:62, ■subd. D.
This Court is of the opinion that the judgment granted First National Bank against Royal was valid.
The contention made by plaintiffs that the sale to Hi-Way Developers was in contravention of the provisions of the Bulk Sales Act is without merit for the machinery in the mill sold by Royal became immovable by destination and plaintiffs did not offer any evidence that Hi-Way Developers purchased any movable property from Royal. LSA-R.S. 9:2961; and, Ventrilla v. Tortorice, 160 La. 516, 107 So. 390.
The evidence convinces this Court that the purchase price paid by Hi-Way Developers for the property which it bought from Royal was an adequate consideration. Mr. Carmouche, attorney for the liquidators, testified that notices had been published in the newspaper and in trade publications in an endeavor to sell the remaining assets of Royal, and that the highest price bid for the property was $13,000.00. This was verified by the liquidators appointed in the instant case.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiffs to pay all costs of this appeal.
Affirmed.