DOMENGEAUX, Chief Judge.
Mary Clark and the heirs of John Lem Clark, defendants in this petitory action, appeal the trial court’s denial of their motion for a new trial. For the following reasons, we affirm.
Plaintiffs, members of the Blewer family, own a 203.73 acre tract of land in Natch-itoches Parish, less and except approximately one acre owned by the Clark family. On January 12, 1989, the Blewers filed this petitory action against Mary and John Clark, alleging the defendants are encroaching on the Blewer property by depositing junked vehicles and other objects beyond the limits of defendants’ title. After filing their initial petition, the Blewers learned that John Clark was deceased. They then filed an amended petition naming the unknown heirs of John Clark as defendants, and they requested that the trial court appoint a curator ad hoc to represent the heirs’ interests. On January 31, 1989, the court appointed attorney Brett Brunson “as curator ad hoc to represent the unknown heirs of JOHN LEM CLARK in this proceeding.”
On February 28, 1989, the curator filed an answer, but that pleading stated it was filed on behalf of Mary Clark, rather than the heirs of John Clark. No other responsive pleadings were filed. The record reflects that a preliminary default was entered against Mary Clark on September 19, 1989.
At the trial of October 27, 1989, the minutes reflect that Brett Brunson appeared as curator for the unknown heirs of John Clark and that Mary Clark appeared in proper person. The curator introduced exhibits showing his attempts to locate the *630 unknown heirs, and he cross examined the plaintiffs’ witnesses. At the close of the plaintiffs’ case, the trial court left the record open for 15 days after the curator informed the court that he did not have enough time to prepare any evidence. When no further action was taken by the defendants during that time period, the trial court ruled in favor of the plaintiffs. The trial court later denied defendants’ motion for a new trial and motion for reconsideration of the denial of the new trial.
On appeal, the defendants assign two errors.[1] First, they contend the trial court erred in fixing this matter for trial before an answer had been filed on behalf of the heirs of John Clark. Second, they argue the case should be remanded, in the interest of justice, because defendants reasonably believed that they were only required to hire a lawyer within the 15 day period granted by the trial court and that they were not required to put on their case within that time frame.
La.C.C.P. art. 1571, which allows the district court to prescribe the procedure for assigning cases for trial, provides in part, “These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.” A judgment obtained in violation of the mandatory requirements of article 1571 is null and void, unless the irregularity is waived. Jackson v. Hannie, 225 So.2d 385 (La.App. 3d Cir.1969); Chapman v. Belden Corp., 414 So.2d 1283 (La.App. 3d Cir.1982), modified 428 So.2d 396 (La.1983).
After reviewing the record, we cannot agree with defendants that the curator did not file an answer on behalf of the heirs of John Clark. The order appointing Brett Brunson as curator ad hoc unequivocally states that he is to represent the unknown heirs of John Lem Clark. The exhibits introduced by the curator confirm that he represented the heirs and not Mary Clark. Indeed, there is nothing in the record which suggests that Brunson ever had authority to act on behalf of Mary Clark. The entirety of the record and the conduct of all parties lead us to conclude that the answer contained an obvious clerical error which everyone disregarded. Further, we find that the curator’s participation at trial on behalf of the heirs constitutes a waiver of any objection to the answer which could have been raised prior to trial. Jackson, supra.
Defendants next argue that they reasonably believed all that was required of them in the 15 day period granted by the trial court was that they hire a lawyer.
At the close of the plaintiffs’ case, the following colloquy occurred:
THE COURT: Mr. Brunson, do you have anything you want to present other than what you’ve already....
MR. BRUNSON: No, Your Honor. I have not had any time to prepare any evidence. At this point I would ask the Court to leave the case open for fifteen days to allow me to notify all of the other defendants, and to allow them an opportunity to hire counsel if they desire to present a defense to this matter.
THE COURT: Your motion for a fifteen day period is granted. We will leave the case open as it stands right now. Mrs. Clark?
MRS. CLARK: Yes, sir.
THE COURT: You and your son, James, and your daughter, Doris, have fifteen days if you want to to get a lawyer to look into this thing for you. And I told you a minute ago, the Blewers say you own nine-tenths of an acre. They are not trying to take your land from you. All they are trying to do is to get the lines straightened out so they can get all the junk that you all have thrown onto their property cleared off. That’s all that’s going on. Now, if you want to hire a lawyer get in touch with your lawyer and tell him that you have fifteen days. Okay?

******

*631 THE COURT: Well, you see a lawyer. If you don’t want to see a lawyer....
MRS. CLARK: Well, I am.
THE COURT: .... in fifteen days....
MRS. CLARK: I will.
THE COURT: ... that will be the end of the case.
MRS. CLARK: I sure will. I sure will because I know it ain’t fair.
MR. MURCHISON: Your Honor, I’d want to reserve the right to put on rebuttal evidence in the event that anything else developed.
THE COURT: Certainly.
We disagree with the defendants interpretation of the trial court’s order. The judge told Mrs. Clark that she should get in touch with a lawyer and tell him that she only had 15 days. He further stated that the case would be over in 15 days. We find this warning sufficiently stressed the finality of these proceedings and put the defendants on notice that they had only 15 days to present their case. However, even if we agreed that the defendants only had to hire an attorney within 15 days of the trial, the record does not support their contention that they did so. The trial took place on October 27, 1989, and the defendants’ motion to enroll new counsel of record was not presented to the trial court until December 1, 1989. Thus, the defendants failed to file anything in the record or to take any other action, within the delay permitted by the court, which indicated their intention to defend this matter. Considering the warning given by the trial court and the defendants’ failure to comply with the trial court’s order, we find no abuse of discretion in the denial of defendants’ motion for a new trial.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellants.
AFFIRMED.

. In this appeal, the curator ad hoc no longer represents the heirs of John Clark. Defendants have hired new counsel and they are now represented by one attorney.