640 So.2d 748 (1994)
Levi D. HERRINGTON, Plaintiff-Appellee,
v.
Lorene E. Herrington SKINNER, Defendant-Appellant.
No. 93-1556.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*749 John William Pickett, Many, for Levi D. Herrington.
Tony Clell Tillman, Leesville, for Lorene E. Herrington Skinner.
Before DOUCET and LABORDE, JJ., and BERTRAND[*], J. Pro Tem.
DOUCET, Judge.
The question before the court in this appeal is whether the wife, by way of voluntary community property settlement, disposed of her rights to her former husband's pension plan.
Levi D. Herrington and Lorene Herrington Skinner were married in 1979. They were judicially separated by judgment rendered February 18, 1987. On February 19, 1987, the parties entered a community property settlement which contained the following language:
Lorene Herrington does hereby grant, convey, transfer, set over, assign and deliver unto Levi D. Herrington all her right, title and interest in and to the following described property, to-wit:
* * * * * *
(5) Retirement Pension due Levi D. Herrington from State of Louisiana Retirement System.
The parties were divorced by judgment dated October 9, 1987.
In 1987, Levi sought to change his retirement payment schedule. By letter dated December 15, 1987, the State refused to allow the changes without the consent of his former spouse or a copy of a community property settlement addressing the benefits.
On May 18, 1992, Levi Herrington filed a petition for declaratory judgment. Named as defendants were Lorene Herrington Skinner and the State of Louisiana, through the Louisiana State Employees Retirement System (State). Levi asked for a judgment:
... declaring that any and all survivorship rights of defendant in and to plaintiff's retirement plan were liquidated and released by defendant under the terms of the community property settlement of February 18, 1987 in that matter entitled "Levi D. Herrington versus Lorene E. Herrington, Suit # 39,162, Eleventh Judicial District Court, Sabine Parish, Louisiana."
The State filed an exception of improper venue which was granted, leaving Lorene as the only defendant. We find of record no answer filed by Lorene.
La.C.C.P.Art. 1571(A)(2) provides that:

*750 These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.
Normally, a judgment is null and void when entered in a case assigned for a hearing before an answer has been filed. Bouton v. City of Abbeville, 458 So.2d 1042 (La.App. 3 Cir.1984). However, counsel for Lorene made a general appearance at the hearing of this matter on September 27, 1993. No objection has been made to the failure to abide by the provisions of La. C.C.P. Art. 1571(A)(2). As a result, the irregularity is waived. Blewer v. Clark, 590 So.2d 629 (La.App. 3 Cir.1991).
After a hearing, the trial court rendered judgment in favor of Levi D. Herrington, finding that:
... the community property settlement between the parties hereto dated February 19, 1987 is hereby deemed and it is the judgment of this Court that it does address and include any survivorship rights which the defendant may have had at the time of the execution of this agreement and that defendant divested herself of any and all survivorship rights under the terms of said community property settlement.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED and the Judgment of this Court is that the plaintiff, Levi D. Herrington, is hereby granted the unfettered management of his retirement benefits and all persons are hereby directed to allow same.
Lorene Herrington Skinner appeals this judgment.
Lorene asserts on appeal that pension survival rights were not discussed and did not form part of the settlement agreement. As a result, she asserts that she and Levi are still co-owners of the property.
Lorene relies on a series of cases which hold that where there is no language in a community property settlement agreement which would transfer a spouse's interest in the other spouse's retirement benefits, the spouses remain as co-owners of the benefits in the proportions established in T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976). See Moreau v. Moreau, 457 So.2d 1285 (La.App. 3 Cir.1984), and Rollison v. Rollison, 541 So.2d 375 (La.App. 2 Cir.1989). However, these cases are distinguishable from the case currently before us in that the settlement agreement herein does contain language dealing with Levi's pension.
Lorene further asserts that the agreement is ambiguous. Accordingly, she argues that the agreement should be construed against Levi as preparer of the contract, so as to leave her as co-owner of the survivorship rights.
There is no evidence of record which supports these assertions. No testimony was introduced at the hearing of this matter. The community property settlement document is the sole evidence of the intent of the parties. It clearly states that Lorene has transferred to Levi "all her right, title and interest in" Levi's retirement pension from the State of Louisiana. We find no ambiguity in this language. Nor do we find any merit in, or support for, Lorene's argument that survivorship rights in a pension are not a right to or interest in the pension.
The community property settlement entered herein is binding on the parties as a transaction and compromise. La.C.C. art. 3071 provides that:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
We find nothing of record which would allow us to invalidate this agreement.
Compromise agreements between parties to avoid litigation are favored by law, *751 and courts will not declare a settlement void without a clear showing that it violates good morals or public interest. Compromise settlements are not invalidated lightly in absence of bad faith, error or fraud. Adams v. Adams, 529 So.2d 877 (La.App. 4th Cir.), writ denied, 533 So.2d 363 (La.1988).
Walton v. Walton, 597 So.2d 479 (La.App. 1 Cir.1992).
Accordingly, the judgment of the trial court is affirmed. Costs are assessed to the appellant, Lorene Herrington Skinner.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.