ON REHEARING
PER CURIAM.
We granted rehearing in this matter for the limited purpose of addressing an argument advanced by the Attorney General for the State of Louisiana that was preter-mitted on original consideration of this matter on grounds that the Attorney General failed to appeal the district court judgment. See, Shepherd v. Schedler, 15-1750, (La.1/27/16), 209 So.3d 752, 761 n. 5.
As pointed out in the Attorney General’s application for rehearing, it appears that the Attorney General did attempt to appeal the district court judgment by filing a Motion for Suspensive Appeal on October 26, 2015. Thereafter, the clerk of the district court prepared a second appeal record which was lodged in this court on December 23, 2015, fifteen days after the *776 case was argued and submitted.[1] This second record includes the motion for sus-pensive appeal.
Because it appears that the Attorney General did appeal the district court judgment, we granted rehearing for the limited purpose of addressing the single assignment of error that was pretermitted in our original opinion, noting that despite the fact that one of its assignment of errors was not addressed, the Attorney General did fully participate in the appeal of this case, filing briefs, presenting oral argument and even filing a post-argument brief with leave of court. Thus, with a single exception, the arguments of the Attorney General were duly considered and addressed by this court on original hearing.
The single assignment of error that was pretermitted by this court is the Attorney General’s contention that the district court erred in conducting an expedited hearing on the declaratory judgment action before the delays for answering had expired. While no citation to the article is provided, it appears that the Attorney General’s argument is premised on La. C.C.P. art. 1571, which allows the district courts to prescribe the procedure for assigning cases for trial, but which also provides that “[t]hese rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.” La. C.C.P. art. 1571(A)(2). Typically, a judgment obtained in violation of the mandatory requirements of La. C.C.P. art. 1571 is null and void, unless this irregularity is waived. Jackson v. Hannie, 225 So.2d 385, 387-88 (La.App. 3 Cir.1969). And, the jurisprudence on this point is consistent: when a defendant proceeds to trial without objection even though he has not filed an answer, he waives his right to complain of the lack of an answer. See, Nicosia v. Guillory, 322 So.2d 129, 131 n. 3 (La.1975); Ducote v. Ducote, 183 La. 886, 165 So. 133, 134-35 (La.1935); Herrington v. Skinner, 93-1556, p. 2 (La.App. 3 Cir. 6/1/94), 640 So.2d 748, 750; Cortina v. Gulf States Utilities-Cajun Elec. Power Co-op., Inc., 594 So.2d 1326, 1328 (La.App. 1 Cir.1991); Blewer v. Clark, 590 So.2d 629, 630 (La.App. 3 Cir.1991); Maryland Cas. Co. v. Royal Rice Mill, Inc., 168 So.2d 404, 406 (La.App. 3 Cir.1964).
In this case, the record is clear. On the day this matter was set for hearing, all parties appeared through counsel. Counsel for Paul D. Connick, Jr., the District Attorney for the Parish of Jefferson, filed an answer to the plaintiffs petition. Counsel for the Attorney General filed an exception of lis pendens and a pleading entitled “Attorney General James D. ‘Buddy’ Caldwell’s Opposition to Plaintiffs Petition for Declaratory Judgment and for Temporary/Preliminary Injunctive Relief.” The exception of lis pendens was not considered because the Attorney General failed to submit a memorandum in support thereof, in accordance with the local rules. After ruling that it would not consider the lis pendens exception, the district court announced that it would proceed with a hearing on the declaratory judgment. No objection to that course of action was voiced by any party. The hearing proceeded, a witness was called (and cross-examined by counsel for the Attorney General), evidence was introduced, and argument was conducted. Counsel for the At *777 torney General fully participated in the hearing and at no time voiced any objection to the lack of an answer filed on behalf of the Attorney General.[2] Because counsel for the Attorney General failed to object to trial of the declaratory judgment action on the ground that issue had not been joined by the filing of an answer, and instead participated in the trial on behalf of the Attorney General, any objection to the procedural irregularity was waived. Ducote, 165 So. at 134 (“[B]y not insisting on his right to file an answer or that a default should be entered as a condition precedent for the rendition of judgment, defendant unquestionably waived those requirements.”) and at 134 (“There are a number of cases in our jurisprudence which hold that a defendant who goes to trial cannot afterwards object that no issue has been joined.”). This assignment of error is without merit.
Having addressed, and found lacking, the Attorney General’s pretermitted assignment of error, we adhere to our original decision in this matter.[3] The original opinion of this court is reaffirmed.
REHEARING GRANTED; JUDGMENT REAFFIRMED.
GUIDRY, J., would grant rehearing and assigns reasons.
I would grant rehearing to reverse the decision of the court.

. An original record was lodged in this court on September 24, 2015. No notice was provided by the Attorney General of the lodging of the second record, despite the fact that its motion to appeal was filed in the district court the same day its brief on appeal was filed in this court, which was well after the receipt of the original record and the lodging of the appeal.

. The "Opposition” filed by the Attorney General likewise included no objection to the setting of the hearing before answers were filed by all parties.

. In the rehearing application, the Attorney General attempts to "re-frame” the enrolled bill rule and severability arguments rejected by this court on original hearing by drawing a distinction between matters "omitted” from a Joint Resolution and those "added” thereto, arguing there is a "false equivalency” between the two. According to the Attorney General, in cases in which there is an "omission” from the Joint Resolution (such as occurred here), no problem of constitutional dimension is created. The Attorney General cites no authority for this proposition. Rather, the Attorney General simply postulates that the proper focus should be on the fact of the legislative vote, and not "on the incompleteness of substantive text,” However, as noted on original hearing, if La. Const, art. XIII, § 1 means anything, it means that what the legislature passes — the Joint Resolution that is the essential pre-requisite to the vote of the electorate — must be the same as what is submitted to the voters for approval. In this case, the parties stipulated that there was a substantive difference between what the legislature approved and what the electorate voted on. The fact that the substantive alteration was one of omission as opposed to one of addition makes it no less constitutionally defective, particularly in light of the stipulation.