# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

**16-136**

**WILLIAM O. BELT**

**VERSUS**

**TRACY BRYANT BELT**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, DOCKET NO. 2012-8288
HONORABLE RONALD COX, AD HOC, PRESIDING**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

**AFFIRMED.**

Patrick B. Sadler
2804 Hill Street
Alexandria, LA  71301
(318) 794-9016
**ATTORNEY FOR PLAINTIFF/APPELLANT**
  William O. Belt


Terry Aubin
Aubin Law Firm
3600 Jackson Street, Suite 107
Alexandria, LA  71303
(318) 561-7000
**ATTORNEY FOR DEFENDANT/APPELLEE**
  Tracy Bryant Belt

**COOKS, Judge.**

William Belt and Tracy Bryant Belt (hereafter Ms. Bryant) were married on December 11, 1992 in Avoyelles Parish, Louisiana. Mr. Belt was the Sheriff of Avoyelles Parish, retiring from that position on July 1, 2008. While employed as the Sheriff, Mr. Belt participated in the Louisiana Sheriff's Pension and Relief Fund. Upon his retirement in 2008, Mr. Belt had to choose which option to select from the Fund. He selected Option 2, which provided a reduced amount of monthly benefits, but provided a lifetime benefit for Ms. Bryant. Thus, by selecting Option 2, the maximum monthly benefit Mr. Belt was entitled to, $10,131.61, was reduced to $8,051.28. However, in the event Mr. Belt died first, Ms. Bryant would continue to receive that reduced amount for the remainder of her life.

After almost twenty years of marriage, Mr. Belt filed a Petition for Divorce on July 24, 2012. In response, Ms. Bryant filed an Answer and Reconventional Demand seeking child custody (the marriage produced three children), child support, interim spousal support and permanent spousal support. Ms. Bryant also sought to partition the community of acquets and gains existing between the parties.

The parties, through several consent judgments, resolved the issues of child custody, child support and spousal support. The parties were not able to reach an amicable resolution as to the community of acquets and gains.

A trial on the partition of the community was held, after which the trial court awarded Ms. Bryant 50% of the community property portion of Mr. Belt's benefit in the Louisiana Sheriff's Pension and Relief Fund. The percentages established are not in dispute and it was determined Ms. Bryant was entitled to 28.19% of $8,051.28, the reduced benefit being paid to Mr. Belt. Mr. Belt protested, arguing he should be granted an offset for this amount against the $2,080.32 reduction of

2

his lifetime benefits to establish Ms. Bryant's lifetime entitlement. He argued the entire $2,080.32 should be reimbursed to him now that the parties are divorced if she refuses to relinquish her present entitlement to 28.19% of the reduced retirement amount being paid to him. The trial court denied Mr. Belt's reimbursement claim for the reduced portion of the maximum retirement benefit.

Mr. Belt filed a Motion for New Trial which was denied by the trial court. This appeal followed, wherein Mr. Belt asserts the following assignments of error:

> 1. The trial court committed error when it assigned the lifetime benefit to Ms. Bryant but failed to assign the liability associated with the lifetime benefit payable to her upon Mr. Belt's death.

> 2. The trial court committed error for failing to reimburse Mr. Belt for the reduced portion of his retirement benefit.

> 3. The trial court committed error for failing to assess Ms. Bryant with the entire reduction amount of $2,080.32, or the difference between the maximum retirement benefit of $10,131.61 and the reduced retirement benefit of $8,051.28, on all future withholdings.

## ANALYSIS

In his first assignment of error, Mr. Belt asserts the trial court erred when it held Ms. Bryant is entitled to have her "Option 2" survivor benefits, but failed to offset a liability associated with those benefits. We find this assignment of error is without merit.

The "Option 2" survivor benefit chosen by Mr. Belt is set out in La.R.S. 11:2178(I)(1), and provides, in pertinent part, as follows:

> I. (1)(a) Upon application for service retirement, any participant may elect to receive benefits in a retirement allowance payable throughout life, or

> (b) May elect at that time to receive the actuarial equivalent of the retirement allowance in a reduced retirement allowance payable throughout life with the following options, subject to the limitation that no member may elect an optional settlement in any amount in excess of the member's final average compensation, after the reduction produced by the option selected:

> . . . .

3

Option 2. Upon the member's death, a reduced retirement allowance shall be continued throughout the life of and paid to the spouse to whom the member was married and living with at the time of retirement.

Mr. Belt could have elected to receive the maximum, lifetime-only benefit, but chose instead to select "Option 2." Under that option, the amount of the monthly benefit paid during the retiree's lifetime is reduced, but that reduced amount is payable throughout the life of the spouse to whom the retiree was married and living with at the time of his retirement. Ms. Bryant is statutorily entitled to receive the survivor benefit because she was the spouse to whom Mr. Belt was married to at the time of his retirement.

We agree with Ms. Bryant that when Mr. Belt elected the option by which he would receive his retirement benefits, he did not incur a community liability subject to partition. Any survivor benefits payable by Mr. Belt's retirement plan, to the extent attributable to his employment during the community, are an asset of the community not a liablility. *Herrington v. Skinner*, 93-1556 (La.App. 3 Cir. 6/1/94), 640 So.2d 748.

Ms. Bryant is Entitled to the survivor benefit provided in La.R.S. 11:2178(I)(1)(b), Option 2, that was selected by her then husband, and owes no reimbursement for it. No legislation or jurisprudence provides otherwise.

Mr. Belt argues both he and Ms. Bryant, together, selected Option 2. Whether that is true is irrelevant, as Mr. Belt had the sole authority to make the selection. He did so, and under La.R.S. 11:2178(I)(2) "no change in the option selected shall be permitted after the application has been officially filed with the board . . . ." That Mr. Belt may now regret his choice does not change the law.

Mr. Belt suggests La.R.S. 11:2178(I)(3) provides Ms. Bryant with a way to voluntarily relinquish her right to the survivor benefit and avoid having to reimburse for the "cost" associated with the survivor benefit. It states:

4

(3) If any option of this Subsection is selected, and the retiree's spouse was designated as the beneficiary, and a judgment of divorce is rendered with respect to the retiree and the spouse, and, in connection therewith, the spouse, irrevocably, by court order, relinquishes the spouse's survivorship rights under the option originally selected by the retiree, the originally selected option shall be considered revoked and the retiree shall be considered as retired under the maximum benefit, subject to reduction as hereinafter set forth, and without affording the retiree the right to select an option under which the retiree could designate a new beneficiary, and the benefit payable to the retiree shall be increased to the amount the retiree would have received had the retiree selected the maximum benefit, adjusted for any cost-of-living increases granted to the retiree, less any amount required as a result of such change in retirement status to render the new benefit to be the actuarial equivalent of the maximum benefit. The retiree shall be required to reimburse the system, by way of a one-time deduction from the retiree's next benefit check, the reasonable cost incurred by the system to have these calculations made. The retiree shall be required to contractually hold the system harmless in the event that the former spouse ever successfully asserts a property right relative hereto which has any adverse effect upon the system. It shall be the responsibility of the retiree to notify the system of these circumstances, to present satisfactory evidence of same, and to request the recomputation of benefits. Adjustment of benefits under this Subsection shall not be retroactive, and shall be effective on the first day of the next month following official approval of the application for recomputation benefits.

We do not find the language of the statute supports Mr. Belt's interpretation. As Ms. Bryant argues, if the legislature intended for La.R.S. 11:2178(I)(3) to provide the means for a non-employee spouse to relinquish the survivor benefit that by law applies to her alone, in order to avoid a "cost" associated with that benefit, it could easily have provided so. It did not.

Mr. Belt notes in the event the non-employee spouse voluntarily relinquishes the survivor benefit, the monthly benefit paid to the retiree spouse reverts back to the maximum, lifetime only benefit. He asserts this is so because there is a cost associated with the survivor benefit which should be borne by the party that benefits from the survivor benefit. We disagree. The statute plainly provides all of the benefit payment options are actuarially equivalent. See La.R.S. 11:2178(I)(1)(b). That is why in the event a non-employee spouse voluntarily relinquishes the survivor benefit, the retiree spouse is returned to the maximum,

5

lifetime only benefit. This maintains the needed actuarial equivalence.

In his second and third assignments of error, Mr. Belt attempts to extend *Sims v. Sims*, 358 So.2d 919 (La.1978), to create a reimbursement obligation for the lifetime benefit resulting from his election of the Option 2 survivor benefit. In his argument, Mr. Belt continues to argue the selection of Option 2 and the subsequent reduction in the amount of benefits constitutes a liability incurred. He then uses the *Sims* formula to calculate his separate property interest in each foregone monthly payment. As Ms. Bryant argues, this is a misapplication of *Sims*

*Sims* is a jurisprudential tool which the courts have used to classify and allocate lifetime pension benefits. No court has ever interpreted *Sims* to apply to reimbursement. Moreover, as Ms. Bryant notes, the courts have never interpreted the Louisiana Civil Code's reimbursement articles to make a spouse pay for the survivor benefit which the other spouse selected.

As Ms. Bryant notes, this was not an extrajudicial partition, where the parties negotiated or traded certain rights or benefits. There was absolutely no agreement that Ms. Bryant would relinquish the survivor benefit in exchange for something else. The law simply does not provide any avenue for the relief which Mr. Belt seeks.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant, William Belt.

**AFFIRMED.**

6