652 So.2d 114 (1995)
Becky T. MELANSON,
v.
Bobby Joseph MELANSON.
No. 94-CA-884.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 1995.
Ferdinand J. Kleppner, Metairie, for defendant-appellant.
Byrne W. Dyer, III, Gretna, for plaintiffappellee.
Before DUFRESNE, WICKER and CANNELLA, JJ.
DUFRESNE, Judge.
In this child support case, the defendant, Bobby J. Melanson, has appealed the trial court's decision denying his Exception of "No Cause of Action" and "Motion to Execute Consent Judgment."
He argues that a trial court cannot raise child support without an evidentiary hearing of allegations and proof of change of circumstances. Additionally, Melanson contends that the trial court erred when it failed to enforce "in court" stipulations of the parties.
On November 17, 1992, Bobby Melanson and his former wife, Becky Melanson, appeared in the Domestic Relations Section for the Parish of Jefferson for a hearing on a Motion for Reduction in Child Support filed by Bobby Melanson. In open court the parties offered a stipulation setting the amount of child support which he would pay in the sum of $150.00 per month retroactive to the date of filing the motion for reduction. However, the stipulation was not reduced to a written judgment.
Almost two years later, Becky Melanson sought to collect past due child support and on March 10, 1994, she filed a "Petition for Past Due Support". In response, Bobby Melanson filed an "Exception of No Cause of Action" and seven days later he filed a "Motion to Execute Consent Judgment", alleging the $150.00 per month child support previously stipulated at the hearing on November 17, 1992, had not been reduced to a written judgment and was a consent judgment imposed upon the Melansons.
He alleges that on April 28, 1994, following an "in chambers" conference among the trial court and counsel, no agreement as to child support was perfected. On this same day, Becky Melanson's counsel presented to the trial court an "Order" signed by the court increasing child support to the sum of $400.00 per month made retroactive from March 15, 1994.
*115 On June 23, 1994, the trial court denied Bobby Melanson's "Motion to Execute the November 17, 1992 Consent Judgment" reflecting the stipulations of the parties.
From the trial court's decision denying Bobby Melanson's exception, the court's increase of child support and the refusal to execute the November 17, 1992 consent judgment, Bobby Melanson has appealed.
After reviewing the record we find the November 17, 1992 in court stipulation by the parties, although not reduced to writing, confers upon either party the right to seek judicial enforcement of execution of the agreement. LSA-C.C. art. 3031.
With regard to the trial court's increase of child support, we find no legal basis for this change.
LSA-R.S. 9:311, clearly defines the parameters for justifying an increase of child support.
The moving party must demonstrate with specific allegations and sufficient proof a change in circumstances which justify such a change, Saxena v. Saxena, 518 So.2d 1098 (La. 5th Cir.1987).
The record is absent of any motion filed by Becky Melanson to increase child support, or any allegations of specific changes in circumstances justifying an increase. Interestingly, there is no evidence in the record to indicate that a hearing was ever conducted for the purpose of determining whether changes in circumstances had been proven. It appears that the trial court signed an ex parte order increasing child support to $400.00 per month, retroactive to March 11, 1994, contrary to that stipulated by the parties on November 17, 1992.
Accordingly, the decision of the trial court is reversed and this case is remanded for hearing consistent under our law. Furthermore, we find the November 17, 1992, stipulation of child support in the sum of $150.00 per month enforceable and retroactive from the date of filing the motion for reduction.
REVERSED AND REMANDED