I,DUFRESNE, Judge.
This is an appeal in an automobile accident suit by Imperial Fire and Casualty Insurance Co. and its insured, Leroy W. Smith, defendants-appellants, from a $13,-496.60 judgment in favor of State Farm Mutual Automobile Insurance Co., plaintiff-appellee. Because we find neither legal nor manifest factual error in the trial court proceedings, we affirm that judgment.
The basic facts are straightforward. Monica Naquin was stopped at a red light at about 8:30 PM when she was rear ended by another ear. She testified that after the collision, the driver of the other car drove around the right side of her vehicle and fled the scene. The only details that she was able to supply were that the car was big and old, and the driver was a black male.
However, the accident was witnessed by Susan Gautreaux who was riding in the far back seat of a van driven by her husband. She said that | gtheir van was stopped several cars from the traffic light, and Monica Naquin’s car was directly behind it. She testified that she heard a vehicle skidding and turned around just in time to see the impact of the accident on Naquin’s car. From her vantage point it appeared that the left rear of Naquin’s car had been hit by the left front of the skidding car. She said that at about that moment the light turned green and traffic moved forward. She looked back again and this time noticed a car coming up behind them rapidly. She said that she noticed damage to this car on the left front and concluded that this was the vehicle that had been involved in the accident. She alerted her husband to this fast approaching car and he slowed down. When he did this, the following car passed them on the shoulder of the road and cut back in front of them. Her recollection was that the car looked like an old maroon Oldsmobile, and the driver was a black male. She wrote down the license plate number, and she and her husband returned to the scene and gave that information to the investigating police officer who was on the scene within minutes.
The investigating officer apparently determined at the scene that the license plate number provided by the Gautreaux’s was that of a maroon 1981 Oldsmobile owned by Leroy W. Smith, a black male. It was later determined that the vehicle was insured by Imperial. The Naquin vehicle was insured by State Farm, and this insurer paid out $13,496.60 because of the accident. State Farm then sought reimbursement from Imperial, contending that Smith’s negligence was the cause of these damages. Imperial refused to pay based on Smith’s claim that his car had been stolen prior to the accident, and was only later recovered with a damaged left front end. After a bench trial, the trial judge determined that Smith’s claim that |3his car had been stolen was not credible. She therefore entered judgment in favor of State Farm. Imperial now appeals.
Two assignments of error are urged. First, Imperial contends that State Farm failed to prove by a preponderance of the evidence that Leroy Smith was driving his own car at the time of the accident. Second, it argues that Smith’s credibility should not have been factored into the trial judge’s decision that he was driving the car. For the following reasons we reject both assignments.
We initially point out that Imperial’s policy insured Smith as well as any other person operating his car with his permission. Thus, it was not plaintiffs burden to prove that Smith was driving the car, but rather that either he or someone authorized by him was doing so. To establish this fact plaintiff introduced eye witness testimony that the ear involved in the rear-end collision was an old, maroon Oldsmobile, bearing a license plate number *133 which identified Smith as the owner of such a vehicle. These facts are clearly sufficient to establish as more probable than not the reasonable inference that Smith or someone authorized by him was driving the car at the time of the accident, see, Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654 (La.1989).
On this prima facie showing, it was then incumbent upon Imperial to go forward with evidence to refute the above inference. It attempted to do so by introducing Smith’s assertion that his vehicle had been stolen on the night in question and therefore that neither he nor anyone authorized by him was driving the car when the accident occurred. Unfortunately for Imperial, the trier of fact did not find Smith’s version of events credible. There being no other evidence to refute plaintiffs showing that more Rprobably than not Smith or someone with his permission was the driver, judgment was properly entered in plaintiffs favor on the liability policy.
We finally note that Imperial does not assert that the trier of fact fell into manifest error in rejecting Smith’s version of events. Rather, it urges in effect that his testimony should not have been considered one way or the other by the judge in reaching her decision. If, however, Smith’s testimony is ignored, then the case returns to the evidentiary position which existed upon plaintiffs completion of its case. That position, as shown above, was that State Farm established as more probable than not the reasonable inference that either Smith or someone authorized by him was driving his car at the time of the accident. That being so, then pursuant to its liability policy Imperial was liable for the consequent damages.
For the above reasons, the judgment in favor plaintiff is hereby affirmed.

AFFIRMED.