830 So.2d 429 (2002)
Kelly Curry DYE and Gloria Curry, Plaintiffs-Appellees,
v.
Aaron WALKER, Safeway Insurance Company of Louisiana and Louisiana Farm Bureau, Defendants-Appellants.
No. 36,482-CA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
*430 Tracy L. Oakley, for Appellant, Safeway Insurance Company of Louisiana.
Johnnie L. Matthews, for Appellees, Kelly Curry Dye and Gloria Curry.
Cotton, Bolton, Hoychick & Doughty, L.L.P. by Terry A. Doughty, for Appellee, Louisiana Farm Bureau Casualty Insurance Co.
Barry W. Dowd, Borne, Wilkes & Brady by Keith M. Borne, for Appellees, Aaron Walker and Tramecia T. Harrell.
Before BROWN, PEATROSS & HARRISON (Pro Tempore), JJ.
PEATROSS, J.
This appeal arises from a judgment against defendant Safeway Insurance Company of Louisiana ("Safeway") awarding damages to the plaintiffs, Kelly Curry Dye ("Dye") and her mother, Gloria Curry ("Curry"). Safeway appeals the judgment of the trial court. For the reasons stated herein, we affirm.

FACTS
On July 30, 1998, Tramecia Harrell ("Harrell") applied for, and subsequently received, an automobile liability insurance policy with Safeway. Approximately one year after the policy was issued to Harrell, Aaron Walker ("Walker")[1] was driving Harrell's 1997 Ford Escort when it collided with a vehicle owned by Curry and driven by Dye. Dye and Curry filed suit for damages sustained as a result of the accident. Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") provided automobile insurance covering the vehicle driven by Dye at the time of the accident. Farm Bureau filed a subrogation claim against Walker and Safeway to recover amounts paid under its policy for collision damages and medical expenses. Safeway denied coverage of Walker, basing the denial on the affirmative *431 defense of material misrepresentation in Harrell's application for insurance. According to Safeway, Harrell failed to list or identify Walker as a member of her household or operator of her vehicle; and, therefore, he was not covered under Harrell's policy.
The trial court denied Safeway's defense of material misrepresentation, stating that Safeway failed to prove that Walker was living with Harrell. At trial, Walker denied that he lived with Harrell and testified that he lived with his grandmother at her house. He further testified that he kept his clothes and received his mail at his grandmother's house. Harrell conceded at trial that Walker stayed with her a majority of the time, but she also stated that his name was not on the lease. Walker did testify that he periodically drove Harrell's vehicle to work and on errands. Harrell stated, however, that Walker did not have unlimited use of her car and that he always had to ask for her permission to use the vehicle. Based on this testimony, the trial court found that Safeway did not prove that Walker lived with Harrell.
In addition, the trial court concluded that Safeway failed to prove that Harrell made a misrepresentation to insurance agent Brenda Neal ("Neal"), finding that it was indeterminable as to what was actually asked and what information was actually given when Harrell's application for insurance was processed. Neal testified that she was not sure if she actually asked Harrell to tell her who would be driving the vehicle and who were the other members of her household and Harrell testified that she could not remember if Neal asked her for this information.
Regarding the actual insurance application itself, Chris Hidalgo ("Hidalgo"), underwriting manager for Safeway, testified that the insurance application did not specifically contain a broad question asking for a list of all household members and all drivers of the vehicle. The application Harrell completed did ask her to list any household members under the age of 25 and she did list her two-month-old daughter; but Harrell was not asked a specific question about household members over the age of 25.[2]
Based on Safeway's inability to show that Harrell made any misrepresentations to Neal and the lack of evidence that Walker actually lived with Harrell, the trial court found that Safeway failed to prove its affirmative defense of material misrepresentation by a preponderance of the evidence. The court assessed 50 percent fault for the accident to both Walker and Dye, awarding $3,380.81 to Dye for general and special damages, $3,238.83 to Farm Bureau for its subrogation claims and $100 to Curry for her property damage deductible. Safeway now appeals, asserting that the trial court erroneously denied Safeway's affirmative defense of material misrepresentation.

DISCUSSION
Safeway argues that the trial court should have found that Walker was in fact living with Harrell and that, during the application process, Harrell misrepresented this fact to insurance agent Neal because she failed to inform Neal that Walker lived with her.
La. R.S. 22:619 provides:
A. Except as provided in Subsection B of this section and R.S. 22:692, and R.S. 22:692.1, no oral or written representation or warranty made in the negotiation *432 of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
Under La. R.S. 22:619, the insurer must prove that (1) the insured made a false statement on his or her application for insurance; (2) the false statement was material; and (3) it was made with the intent to deceive.[3] The seminal case on point is Cousin v. Page, 372 So.2d 1231 (La.1979), and it provides guidance in applying this statute to the instant case. In Cousin, the supreme court applied La. R.S. 22:619 while evaluating the credibility of the testimony between the insured and the insurer. The insurance company claimed that the policyholder made a material misrepresentation to the insurance agent; and, therefore, the insurance policy was void. The Cousin court held that it was not clear what was said between the insured and the insurance agent during the application process, finding that the insurer did not prove that the insured intended to withhold or misrepresent relevant information. The court further found that the record did not reflect that the insured had actual knowledge of the falsity of the representations in the application or that she recognized the materiality of any misrepresentations. The court, therefore, held that it could not find that any misrepresentations were made with the intent to deceive; and, in the absence of such evidence, an intent to deceive could not be inferred.
In the instant case, the trial court found that Safeway failed to prove that Walker was living with Harrell and that Harrell made any misrepresentation to the insurance agent. Applying Cousin to the instant case, we find no error in the trial court's conclusion that Safeway did not prove that Harrell made a false statement to the insurance agent. Appellate courts may not set aside a trial court's finding of fact in the absence of manifest error or unless such findings are clearly wrong and where there is a conflict in testimony; reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Rosell v. ESCO, 549 So.2d 840 (La.1989). The court of appeal has a constitutional duty to determine if the facts support the trial court's judgment. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court; but, if the trial court findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Rosell, supra. After reviewing the facts in the *433 case sub judice, we find that the trial court's findings have a reasonable factual basis in light of the record as reviewed in its entirety and there is no manifest error in the trial court's judgment.
The record supports the trial court's conclusions in at least the following three respects. First, we note that Safeway's application for insurance was vague. The insurance application did not require the applicant to list all members of the household and all drivers of the vehicle. As previously stated, the only question on the application related to a request of household or driver information was a question asking Harrell to list all people under the age of 25 who are living in the household. Harrell answered this question by listing her daughter. Even assuming Walker did live with Harrell, he was over the age of 25; therefore, Harrell correctly answered the question.
Second, there is no evidence that Harrell actually made a misrepresentation to Neal. Even Neal testified that she was unsure as to whether or not she actually asked Harrell if there were any other household members or other drivers of Harrell's vehicle. In fact, the insurance agent testified that she did not believe that there was any time during the application process that Harrell did not tell the truth.
Finally, we conclude that a reasonable trier of fact could have found that Walker was not living with Harrell. Walker and Harrell provided the only testimony at trial on this issue. Their testimony was consistent that Walker did not live with Harrell. These facts contained in the record provide a reasonable basis for the trial court's conclusion; and, therefore, we will not disturb it on appeal.
In a case similar to the instant case, Safeway could not prove that an insured made a misrepresentation. In Francois v. Alexander, 99-1760 (La.App. 3d Cir.4/5/00), 771 So.2d 656, the court held that, because Safeway did not prove the threshold fact that the insured committed a false statement when she filed her insurance application, the court did not need to go any further in order to affirm the trial court's decision. Likewise, in the instant case, since we find no error in the conclusion that Safeway did not prove that Harrell made a false statement when she submitted her insurance application, we need not go any further in order to affirm the trial court's judgment. Moreover, we conclude that the record as a whole does not establish that the insured made any misrepresentations with the intent to deceive and such an intent cannot be inferred from individual items in the record. Darby v. Safeco Insurance Company of America, 545 So.2d 1022 (La.1989).
In summary, we find that the trial court did not commit manifest error in concluding that Safeway failed to prove by a preponderance of the evidence that Harrell made a material misrepresentation with the intent to deceive Safeway and in denying Safeway's affirmative defense of material misrepresentation. Its assignment of error is, therefore, without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court against Defendant, Safeway Insurance Company of Louisiana, is affirmed. Costs of this appeal are assessed to Defendant, Safeway Insurance Company of Louisiana.
AFFIRMED.
NOTES
[1] Walker was Harrell's boyfriend at the time of the accident.
[2] The trial court record indicates that Safeway has since amended its insurance application forms to include a question asking for a list of all persons of driving age in the household.
[3] Although La. R.S. 22:619(B) states that the insurer must show either an intent to deceive or that the false statement materially affects the risk, the jurisprudence in Louisiana requires that both factors must exist in order to bar the insured from recovery under the insurance policy. See Coleman v. Occidental Life Insurance Company of North Carolina, 418 So.2d 645 (La.1982).