JAMES F. McKAY III, Judge.
 

 _J_¡In this automobile accident case, defendants, Amy Lips Hayden (“Ms.Hayden”) and State Farm Mutual Automobile Insurance Company (“State Farm”), appeal the judgment from the First City Court for the Parish of Orleans rendered in favor of plaintiff, Louisiana Farm Bureau Casualty Insurance Company (“Farm Bureau”). For the reasons set forth below, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY:
 

 On February 18, 2007, William Dunham, operating a vehicle insured by Farm Bureau, was broadsided by a vehicle that ran a red light at the intersection of Howard Avenue and Loyola Avenue in New Orleans, and fled the scene. An eye-witness to the accident, Orelia Jones (“Ms.Jones”), followed the fleeing vehicle until she was able to write down the license plate number. Ms. Jones returned to the accident scene, where she provided the license plate number, her name, and telephone number. The license plate number was traced to a 2003 silver/gray Ford Taurus owned by Ms. Hayden and insured by State Farm.
 

 Farm Bureau filed the present action against Ms. Hayden and State Farm, seeking to recover the property damages paid on the Dunham vehicle. Defendants deny that the Hayden vehicle was involved in the accident.
 

 |2Trial was held on October 8, 2009. Following stipulations by counsel
 
 [1]
 
 , the tes
 
 *623
 
 timony of Ms. Hayden and Ms. Jones, and the introduction of photographs of the Dunham and Hayden vehicles, the trial court rendered judgment in favor of Farm Bureau and against Ms. Hayden and State Farm in the amount of $11,318.02, plus interest and costs. This timely appeal followed.
 

 DISCUSSION:
 

 On appeal, defendants assert that the trial court erred by ignoring the fact that the photographs taken of the Hayden vehicle three months after the accident show virtually no damage to the vehicle. Defendants further assert that the trial court erred by ignoring Ms. Hayden’s testimony that her vehicle was not in New Orleans on the date of the accident, was never involved in any accident, and was never repaired.
 

 Farm Bureau counters that the trial court weighed the evidence and found Farm Bureau’s evidence more credible. We agree.
 

 Louisiana courts of appeal apply the manifest error standard for review of factual determinations in civil cases.
 
 Hall v. Folger Coffee Co.,
 
 2003-1734, p. 9 (La.4/14/04), 874 So.2d 90, 98. Under the manifest error standard, a factual finding cannot be set aside unless the appellate court finds that the trier of fact’s determination is manifestly erroneous or clearly wrong.
 
 Detraz v. Lee,
 
 2005-1263, p. 7 (La.1/17/07), 950 So.2d 557, 561. In order to reverse a district court’s determination of a fact, a reviewing court must review the record in its entirety and (1) find a reasonable factual basis does not exist for the finding, and (2) further |3determine the record establishes the factfinder is clearly wrong or manifestly erroneous.
 
 Id.
 

 Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). When findings are based on determinations regarding the credibility of witnesses, the manifest error or clearly wrong standard demands great deference to the trier of fact’s findings because only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.
 
 Id.
 

 Applying these principles to the case before us, we find that the record provides a reasonable factual basis for the trial court’s findings, and we do not find that the trial court was clearly wrong or manifestly erroneous in its judgment.
 

 Ms. Jones testified that she was a passenger in her sister’s car when she witnessed a vehicle hit the Dunham vehicle and take off. Ms. Jones and her sister followed the vehicle until they were one to two car lengths away. Ms. Jones explained that she wrote down the license plate number of the vehicle as she was looking at it. Ms. Jones was sure she copied the number correctly.
 

 Ms. Jones stated that she could not see who.was driving the vehicle that left the scene, but thought there were more than two people in the car. She testified that she did not know the make and model of the vehicle, stating “I’m not good at make and models of cars.” Ms. Jones further testified that she did not remember the color of the vehicle, stating “I know it wasn’t a dark color. But light, I don’t know exactly if it was grey, blue, white, or whatever.” When shown photographs of
 
 *624
 
 the Hayden vehicle, and asked if it was the vehicle involved in the accident, Ms. Jones responded: “It appears to be. It looks like the one.”
 

 |4Ms. Hayden, who lives in Mandeville, Louisiana, testified that she was not in New Orleans on the date of the accident. She assumed that she, and her Ford Taurus, would have been at her home on that “Bacchus” Sunday, explaining that she did not venture into New Orleans very often, particularly during Mardi Gras parades. She further stated that she would have known if her eighteen-year-old son or her boyfriend had taken her vehicle into New Orleans that day.
 

 Ms. Hayden testified that the 2003 Ford Taurus was purchased, used, approximately six months before the accident date. The vehicle was sold in November 2007. She explained that the vehicle had never been in an accident and that body work had never been done on the vehicle. In connection with the photographs taken of the vehicle on June 14, 2007 (three months after the accident), Ms. Hayden stated that the scuffs shown on the front bumper and the cracked grill beneath the front bumper were already there when she purchased the vehicle.
 

 In rendering judgment in favor of Farm Bureau, the trial court determined that the Hayden vehicle was involved in the accident, caused the accident, and fled the scene. It is not evident from the record, as argued by defendants, that the trial court ignored their evidence, e.g., Ms. Hayden’s testimony and the photographs showing only minor damage to the Hayden vehicle. Rather, it appears the trial court credited Ms. Jones’ testimony over that of Ms. Hayden.
 

 In
 
 State Farm Mut. Auto. Ins. Co. v. Smith,
 
 99-121, pp. 3^4 (La.App. 5 Cir. 6/1/99), 738 So.2d 131, 132-133, the Fifth Circuit Court of Appeal discussed the burden of proof in a similar situation. There, the plaintiff was stopped at a red light when she was rear-ended by another car, which then fled the scene. A witness obtained the license plate number. The car owner asserted that the car had |fibeen stolen prior to the accident. He claimed that it was later recovered with damage to the front end. The trial judge determined that the defendant’s claim that the car had been stolen was not credible and entered judgment for the plaintiff. Specifically, the Court held:
 

 [I]t was not plaintiffs burden to prove that Smith [the defendant] was driving the car, but rather that either he or someone authorized by him was doing so. To establish this fact plaintiff introduced eye witness testimony that the car involved in the rear-end collision was an old, maroon Oldsmobile, bearing a license plate number which identified Smith as the owner of such a vehicle. These facts are clearly sufficient to establish as more probable than not the reasonable inference that Smith or someone authorized by him was driving the car at the time of the accident. See
 
 Cangelosi v. Our Lady of the Lake Regional Medical Center,
 
 564 So.2d 654 (La.1989).
 

 On this prima facie showing, it was then incumbent upon Imperial to go forward with evidence to refute the above inference. It attempted to do so by introducing Smith’s assertion that his vehicle had been stolen on the night in question and therefore that neither he nor anyone authorized by him was driving the car when the accident occurred. Unfortunately for Imperial, the trier of fact did not find Smith’s version of events credible. There being no other evidence to refute plaintiffs showing that more probably than not Smith or someone with his permission was the
 
 *625
 
 driver, judgment was properly entered in plaintiffs favor on the liability policy.
 

 Defendants submit that simply claiming to identify a license plate number, without further detail as in
 
 Smith,
 
 is not enough to prove an inference that the Hayden vehicle was involved in the accident. We disagree.
 

 Considering the totality of the evidence presented, we find no error on the part of the trial court. While Ms. Jones was unable to identify the make, model, and color of the vehicle that she witnessed strike the Dunham vehicle, she was certain that she recorded the correct license plate number, and she believed the Hayden vehicle, shown in the photographs, looked liked the vehicle she saw. Additionally, photographs of the Hayden vehicle show scuff marks on the front bumper and a crack in the front grill. While the damage to the Hayden vehicle is | finot substantial, we cannot say that it is inconsistent with the damage to the Dunham vehicle. Finally, considering the conflicting testimony between Ms. Jones and Ms. Hayden, and giving great deference to the trial court’s assessment of the witnesses’ credibility, we find that the trial court did not abuse its discretion.
 

 CONCLUSION:
 

 From our review of the record, we find the trial court’s factual findings to be reasonable and not manifestly erroneous. Therefore, we are compelled to affirm the trial court’s judgment.
 

 AFFIRMED.
 

 [1]
 

 . The parties stipulated to: 1) the police report, which indicates the vehicle that hit the Dunham vehicle was at fault in the accident; 2) the repair estimates on the Dunham vehicle; 3) the Farm Bureau policy insuring the Dunham vehicle; and 4) the affidavit of State
 
 *623
 
 Farm representative, Pete Schneckenberger, who photographed the Hayden vehicle after the accident.