NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1577


JENNIFER LOPEZ, ET AL.

VERSUS

SAFEWAY INS. CO., ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-4098
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell,
Judges.


**AFFIRMED.**

Keith Michael Borne
Borne & Wilkes
P. O. Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANT/APPELLANT:
    Safeway Insurance Company


Christian Drew Chesson
One Lakeshore Drive, #1800
Lake Charles, LA 70629
(337) 436-5297
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Jennifer Lopez, et al.

**Joseph Todd Puhekker**
**John T. Ortego & Associates**
**P. O. Box 88040**
**Lafayette, LA 70598**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State Farm Insurance Company**

**EZELL, Judge.**

Permissive use of a vehicle is at issue in this case. Safeway Insurance Company, the insurer of the vehicle, claims that coverage under its policy was not established because there is no evidence that the driver of the vehicle had permission to use the vehicle at the time of the accident.

## FACTS

On August 11, 2007, Jennifer Lopez was driving her vehicle in an easterly direction on U.S. Highway 90 near Vinton. At the same time, a red Dodge Ram truck was travelling in a westerly direction on Highway 90. The truck took a left turn and side-swiped Jennifer's vehicle. The truck then fled the scene.

At the time of the collision, Sabrina Graham and her aunt, Elizabeth Ardoin, were travelling behind the truck and witnessed the accident. Sabrina followed the red truck. The truck ran a stop sign then stopped at a second stop sign. Sabrina was able to read the license plate number to her aunt who wrote it down. She repeated the number to her aunt a second time. They passed around the truck, and the driver of the truck made an obscene gesture. Both women testified that the driver was a white male and alone in the truck. Sabrina then drove back to the scene of the accident and called the police.

Mr. Timothy Benoit was travelling behind Jennifer's vehicle and also witnessed a red truck turn left and sideswipe the vehicle. He did not see the driver of the truck. The information, including the license plate, was given to the Town of Vinton police officers who investigated the accident. It was later determined that the license plate belonged to a red Dodge Ram truck owned by Teri Ardoin.[1]

On July 29, 2008, Jennifer filed suit individually and on behalf of her two minor children. Jennifer filed suit against Teri Ardoin and her insurer, Safeway

---

[1] There is no relationship between Teri Ardoin and Elizabeth Ardoin who witnessed the accident.

Insurance Company, in addition to her own uninsured/underinsured motorist carrier, State Farm Insurance Company.

A trial was held on March 15, 2011. At issue was the liability of Safeway, as the insurer of Teri's Dodge Ram truck, for the accident. The trial judge found that Teri's truck was involved in the accident and Safeway provided coverage for the accident. The trial judge awarded Jennifer $8,000.00 in general damages and $13,843.05 in special damages. Safeway's policy had limits of $10,000.00, so State Farm was found liable for $2,343.05, reflecting the remaining damages of $3,843.05 less a credit of $1,500.00 previously paid by State Farm. Judgment was also rendered in favor of State Farm and against Safeway in the amount of $4,413.19 for property damage to Jennifer's vehicle. Safeway appealed the judgment.

## PERMISSIVE USE

Safeway argues that it cannot be held liable without proving coverage and coverage cannot be established without evidence that the named insureds gave permission to an unknown driver. Safeway claims that without permission, there is no coverage under its policy.

Pursuant to La.R.S. 32:900(B)(2), an owner's motor vehicle liability policy shall insure any person using any motor vehicle with the express or implied permission of such named insured. This is referred to as "omnibus clause" insurance coverage. *Manzella v. Doe*, 94-2854 (La. 12/8/95), 664 So.2d 398; *Francois v. Alexander*, 99-1760 (La.App. 3 Cir. 4/5/00), 771 So.2d 656. It is the plaintiff's burden of proof to establish use of the vehicle with express or implied permission making coverage effective under the omnibus clause. *Manzella*, 664 So.2d 398. Permission must be established by a preponderance of the evidence without the aid of any presumptions. *Id.* "Implied permission is determined from the named insured's conduct, such as the acquiescence in, or lack of objection to, the use of the vehicle." *Francois*, 771 So.2d at 659.

2

"Whether or not permissive use exists is a factual finding that will not be overturned on appeal absent manifest error." *Slain v. Thomas*, 05-1616, p.5 (La.App. 3 Cir. 5/31/06), 931 So.2d 518, 522, *writ denied*, 06-1649 (La. 9/29/06), 937 So.2d 873.

Teri Ardoin testified at trial. She explained that her son and daughter were living with her in 2007. She owned two vehicles at the time: the red 2001 Dodge Ram truck and a 2007 Pontiac G6. Her son used the G6. However, around the time of the accident, Teri began working at a job that required her to travel out of town two to three weeks at a time. When she would travel, she would take the G6.

When this accident occurred, Teri was out of town with the G6. She left the truck at home and left the keys to the truck at her house. Teri has on occasion given her son permission to drive the truck but testified that he did not drive the truck while she was out of town. Teri and her son are black, while the driver of the truck at the time of the accident was positively identified as a white male. Teri testified that neither she nor her son had ever given a white male permission to drive the truck.

Teri further testified that when she got home, there was no damage to the truck. She admitted that she had previously been in a wreck in the truck. Teri testified that she lost control of the truck in Vinton by a racetrack and went in the ditch. The truck was damaged on the driver's side, the same side that would have received damage in this accident. It was towed by and repaired at Harvey's Paint and Body Shop. Teri testified that she paid approximately $2,000.00 in cash for the repairs because she was concerned about her insurance rates going up. When she inquired about getting a receipt to prove that she had the vehicle repaired, Teri was told that the business did not keep receipts that far back.

After trial, the trial judge found that Teri's truck was the truck involved in the accident. He admitted that he did not know who was driving the truck but found Safeway liable for the accident. The trial judge also indicated that he had issues with

Teri's credibility in that he did not necessarily believe that Teri had an accident that required repairs other than the accident at issue in this case.

In *State Farm Mutual Automobile Insurance Co. v. Smith*, 99-121 (La.App. 5 Cir. 6/1/99), 738 So.2d 131, the court found that the eyewitness testimony describing the car involved in a hit-and-run accident and giving the license plate number established as more probable than not the reasonable inference that the registered owner or a permissive user was driving the car and that liability coverage existed. Citing *Cangelosi v. Our Lady of the Lake Regional Medical* Center, 564 So.2d 654 (La.1989), the court held that "[t]hese facts are clearly sufficient to establish as more probable than not the reasonable inference that Smith or someone authorized by him was driving the car at the time of the accident." *Smith*, 738 So.2d at 133. The court held that it was then the defendant's burden to come forward with evidence to refute the inference that the owner or someone unauthorized by him was driving the vehicle. *Id.*

There is no doubt that Teri's red Dodge Ram truck was involved in this accident. All witnesses agreed that a red truck hit the vehicle Jennifer was in. Sabrina and her aunt were careful to make sure that they got the correct license plate number. While Teri testified that her son did not use the truck while she was gone, she testified that it is possible he could have. It is hard to believe that Teri took the vehicle her son normally used for two to three weeks and he did not once use the truck while she was gone. While the person using the truck was a white male, it is possible that the son let someone else drive the truck while his mother was gone. Teri testified that the truck had never been stolen. She also admitted that it was possible her son got in a wreck and had the truck repaired while she was gone.

We cannot say that the trial judge manifestly erred in finding that the driver of the Dodge Ram truck had permission to drive the vehicle when it was involved in an accident with Jennifer's vehicle. Teri's Dodge Ram truck was positively identified as

the truck involved in the accident. There was no evidence to refute the fact that someone with permission was driving the truck.

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Safeway Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.